ROBERT A. GRIFFIN v. ALMEDA S. GRIFFIN (NOW ROUSE)

No. 903DC716

(Filed 21 May 1991)

**Divorce and Separation § 421 (NCI4th)— child support arrearages— garnishment of wages proper**

The trial court could properly enter an order to withhold plaintiff's wages to collect child support arrearages which had been reduced to judgment, since reducing the arrearages to judgment and withholding income are not inconsistent enforcement remedies; income withholding was proper, notwithstanding plaintiff's contention that the judgment did not meet the requirements of N.C.G.S. § 110-136.5, as plaintiff was delinquent in paying the support ordered in the 1974 divorce decree; and there is no distinction between a parent who owes both arrearages and current support payments and one whose total support obligation consists of arrearages. N.C.G.S. § 50-13.4(f).

**Am Jur 2d, Divorce and Separation § 1060.**

APPEAL by plaintiff from order entered 11 May 1990 by *Judge W. Russell Duke, Jr.* in CARTERET County District Court. Heard in the Court of Appeals 15 January 1991.

This case arises from a divorce decree entered 27 March 1974, which required plaintiff to pay $200 per month in child support. On 13 August 1987, the defendant initiated an action to reduce child support arrearages to judgment. The trial court held that the defendant was equitably estopped from reducing her ex-husband's child support arrearages to judgment. On 21 November 1989, this Court reversed the trial court's order and remanded the matter for entry of judgment for the appropriate amount of child support arrearages. *Griffin v. Griffin*, 96 N.C. App. 324, 385 S.E.2d 526 (1989). Upon remand the trial court reduced the arrearage to judgment and also entered an order to withhold plaintiff's wages to pay the child support arrearages. Plaintiff appeals.

*Bennett, McConkey, Thompson, Marquardt & Wallace, P.A., by James Q. Wallace, III for plaintiff-appellant.*

*Wheatly, Wheatly, Nobles, Weeks & Wainwright, P.A., by George L. Wainwright, Jr. for defendant-appellee.*

EAGLES, Judge.

The sole issue here is whether the trial court erred in entering an order to withhold plaintiff's wages to collect child support arrearages that had been reduced to judgment. We hold that the trial court did not err.

G.S. 50-13.4(f)(8) provides:

A judgment for child support shall not be a lien against real property unless the judgment expressly so provides, sets out the amount of the lien in a sum certain, and adequately describes the real property affected; but past due periodic payments may by motion in the cause or by a separate action be reduced to judgment which shall be a lien as other judgments.

Plaintiff argues that the portion of the statute following the semicolon constitutes an election of remedies. Plaintiff contends that once the arrearages were reduced to judgment, the defendant-appellee in attempting to collect the judgment was limited to the execution procedures provided by G.S. 1-302. We disagree.

The trial court has broad discretion under G.S. 50-13.4(e) in providing for payment of child support. *Moore v. Moore*, 35 N.C. App. 748, 242 S.E.2d 642 (1978). Additionally, this Court has held that the methods of payment listed under G.S. 50-13.4(e) are not mutually exclusive. *Warner v. Latimer*, 68 N.C. App. 170, 314 S.E.2d 789 (1984). We see no reason to conclude that the enforcement provisions under G.S. 50-13.4(f) are by contrast mutually exclusive. It would be illogical to conclude that the General Assembly would give the trial court broad discretion in ordering methods of payment of child support and then restrict the court to only one remedy to ensure payment.

The language in G.S. 50-13.4(f) also supports this interpretation. G.S. 50-13.4(f)(1) provides:

The court may require the person ordered to make payments for the support of a minor child to secure the same by means of a bond, mortgage or deed of trust, or any other means ordinarily used to secure an obligation to pay money or transfer property, or by requiring the execution of an assignment of wages, salary or other income due or to become due.

Additionally, G.S. 50-13.4(f)(11) provides: "The specific enumeration of remedies in this section shall not constitute a bar to remedies

GRIFFIN v. GRIFFIN

[103 N.C. App. 65 (1991)]

otherwise available." The broad language of the statute suggests that the legislature intended to expand, not limit, the trial court's remedies in enforcing payment of child support.

Further, we note that the doctrine of election of remedies "does not apply to co-existing and consistent remedies." *Richardson v. Richardson*, 261 N.C. 521, 530, 135 S.E.2d 532, 539 (1964). "The 'whole doctrine of election [of remedies] is based on the theory that there are inconsistent rights or remedies of which a party may avail himself, and choice of one is held to be an election not to pursue the other'. . . . It is the inconsistency of the demands which makes the election of one remedial right an estoppel against the assertion of the other . . . ." *Id.* (quoting *Standard Sewing Machine Co. v. Owings*, 140 N.C. 503, 53 S.E. 345 (1906) ). Reducing the arrearage to judgment and withholding income are not inconsistent enforcement remedies.

Plaintiff also contends that income withholding was improper here because the judgment does not meet the requirements of G.S. 110-136.5, which governs the steps necessary to implement withholding. Plaintiff argues that he "was not delinquent in the current payment of any child support nor was he under any order, at the time of the motion, to provide child support payments." We disagree. Here, plaintiff was ordered to pay child support in the amount of $200 per month in a divorce decree entered 27 March 1974. On 14 February 1990 the trial court concluded that plaintiff owed arrearages totalling $16,120 plus 8 percent interest from the date defendant filed the motion to have the arrearages reduced to judgment. G.S. 110-136.3 concerns the applicability of income withholding procedures. G.S. 110-136.3(c) provides that "[n]otwithstanding any other provision of law, the income withholding provisions of this Article shall apply to any civil or criminal child support order, entered or modified before, on, or after October 1, 1986." Here, plaintiff is currently delinquent in paying the support ordered in the 1974 divorce decree. Accordingly, we find plaintiff's argument without merit.

Also G.S. 110-136.3(b)(2) provides:

In non-IV-D cases, an obligor shall be subject to income withholding on the earliest of:

a. The date on which the obligor fails to make legally obligated child support payments in an amount equal to the support payable for one month; or

b. The date on which the obligor requests withholding; or

c. The date on which the court determines, pursuant to a motion or independent action filed by the obligee under G.S. 110-136.5(a), that the obligor is or *has been delinquent in making child support payments.*

(Emphasis added). Subpart (c) specifically provides that the withholding provisions apply when the court determines that the obligor *is or has been* delinquent. This language reveals that the legislature intended income withholding to apply in any case where the obligor has ever fallen behind a month or more in payments.

Finally, we note that the circumstances surrounding the recent amendment of these statutory provisions lead us to conclude that the trial court properly ordered appellant's income withheld. The General Assembly amended the income withholding statute in response to the requirements of the 1984 Amendments to the Social Security Act. The legislative history of the Child Support Enforcement Amendments of 1984 suggests that the purpose of the amendments was to assure "that all children in the United States who are in need of assistance in securing financial support from their parents will receive assistance regardless of their circumstances." S. Rep. No. 387, 98th Cong., 2d Sess., reprinted in 1984 U.S. Code Cong. & Ad. News 2397. In view of that goal, we see no distinction between a parent who owes both arrearages and current support payments and one whose total support obligation consists of arrearages.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Judge WYNN concurs.

Judge PHILLIPS concurs in the result.