JOHN ANDERSON TAYLOR, JR., Plaintiff v. DULCIA G. TAYLOR, Defendant

No. COA97-173

(Filed 16 December 1997)

**Interest and Usury § 5 (NCI4th)— child support—prejudgment interest**

The trial judge may award interest on child support accruing on the date the complaint was filed.

Appeal by plaintiff John Anderson Taylor, Jr. from a child support order entered by Judge Chester C. Davis on 16 October 1996. Heard in the Court of Appeals 17 November 1997.

Plaintiff and defendant, Dulcia G. Taylor, were divorced 18 July 1991, after almost ten years of marriage. During their marriage, the

couple had two children: John Anderson Taylor, III who was born on 27 April 1983, and Ashton Ross Taylor who was born on 10 July 1986. After plaintiff father·filed for divorce on 10 May 1991, defendant mother filed an answer and counterclaim seeking custody of the children and child support substantially in excess of the North Carolina Guidelines.

The trial court initially entered a child support order in Forsyth County District Court on 23 January 1994. Following appeals to this Court and the North Carolina Supreme Court, the case was remanded. *See Taylor v. Taylor*, 118 N.C. App. 356, 455 S.E.2d 442, *review granted in part, denied in part*, 340 N.C. 572, 460 S.E.2d 330 (1995), *rev'd* 343 N.C. 50, 468 S.E.2d 33 (1996).

*Edward P. Hausle, P.A., by Edward P. Hausle for plaintiff.*

*Robinson & Lawing, L.L.P., by Norwood Robinson and C. Ray Grantham, Jr., for defendant.*

ARNOLD, Chief Judge.

On appeal from a child support order, "[a]bsent a clear abuse of discretion, a judge's determination of what is a proper amount of support will not be disturbed on appeal." *Plott v. Plott*, 313 N.C. 63, 69, 326 S.E.2d 863, 868 (1985). To disturb the trial court's calculation of appropriate child support, an appellant must establish that the trial judge's ruling is " 'manifestly unsupported by reason.' " *Id.*, quoting *Clark v. Clark*, 301 N.C. 123, 128-29, 271 S.E.2d 58, 63 (1980).

The significant issue in this appeal is whether the trial judge may award interest on an award of child support, accruing monthly on the total amount of unpaid support from the filing of the complaint. Plaintiff contends that there is no statutory authorization for an award of pre-judgment interest in a child support case. While recognizing that pre-judgment interest is authorized under N.C. Gen. Stat. § 24-5 in contract actions, and in non-contract actions when the damages are compensatory in nature, plaintiff argues that this statute is not applicable to an award of child support. *See N.C. Gen. Stat. § 24-5 (1991).* Plaintiff relies on equitable distribution cases, involving property distribution rather than support, to support his argument that the trial court was unauthorized to award interest in a child support action. *Appelbe v. Appelbe*, 76 N.C. App. 391, 333 S.E.2d 312 (1985) (no statutory authorization for the payment of prejudgment interest on an equitable distribution). He additionally seeks to distin-

TAYLOR v. TAYLOR

[128 N.C. App. 180 (1997)]

guish this case from others in which awards of interest on arrearages were upheld.

We find plaintiff's argument unpersuasive. Under North Carolina law, past due child support payments vest when they accrue. *N.C. Gen. Stat. § 50-13.10(a) (1995).* Allowing plaintiff to defer payment for years of his obligations ensuing from the date of the filing of the complaint, without paying interest on the award, would effectively grant him an interest-free loan from his ex-wife. When determining a child support award, a trial judge has a high level of discretion, not only in setting the amount of the award, but also in establishing an appropriate remedy. *Moore v. Moore,* 35 N.C. App. 748, 751, 242 S.E.2d 642, 644 (1978). This discretion has been expanded in recent years due to the broad language of N.C. Gen. Stat. § 50-13.4. *See Griffin v. Griffin,* 103 N.C. App. 65, 404 S.E.2d 478 (1991). The North Carolina Supreme Court, moreover, upheld an award including interest when a defendant failed to meet his child support obligations under the parties' separation and modification agreements. *Bromhal v. Stott,* 341 N.C. 702, 703, 462 S.E.2d 219, 220 (1995). This Court also recognized the broad scope of remedies available to a trial judge in a child support case and upheld an award including interest "from the date defendant filed the motion to have the arrearages reduced to judgment." *Griffin,* 103 N.C. App. at 67, 404 S.E.2d at 479. We hold, accordingly, that interest may be awarded on child support accruing on the date the complaint is filed.

Upon review of plaintiff's remaining assignments of error, we find no prejudicial error.

Affirmed.

Judges GREENE and McGEE concur.