ALEXANDER CHARNS, PETITIONER V. CECIL BROWN, IN HIS OFFICIAL CAPACITY AS ACTING CITY MANAGER, CITY OF DURHAM, N.C.; JACKIE McNEIL, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE, CITY OF DURHAM, N.C.; LAURA HENDERSON, IN HER OFFICIAL CAPACITY AS RISK MANAGER, CITY OF DURHAM, N.C.; AND SYLVIA KERCKHOFF, IN HER OFFICIAL CAPACITY AS MAYOR, CITY OF DURHAM, N.C.; RESPONDENTS

No. COA97-973

(Filed 2 June 1998)

### 1. Records of Instruments, Documents, or Things § 14 (NCI4th)— public records—suit to compel disclosure— civil action—summonses

A suit brought to compel the disclosure of public records under N.C.G.S. § 132-9 is a civil action, not a special proceeding; the Rules of Civil Procedure apply to such an action, and the respondents must be served with summonses.

---

**2. Records of Instruments, Documents, or Things § 14 (NCI4th)— public records—suit to compel disclosure— action not properly commenced**

Service on respondents of petitioner's application for disclosure of public records and a copy of a judge's *ex parte* order to show cause was insufficient to commence an action to compel disclosure of public records.

**3. Courts § 87 (NCI4th)— lack of jurisdiction—dismissal of action—not overruling of ex parte order**

The trial court's dismissal of an action against city officials to compel disclosure of public records for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process did not impermissibly overrule another judge's *ex parte* order to show cause since the jurisdictional challenges were not before the judge who issued the order to show cause.

**4. Records of Instruments, Documents, or Things § 14 (NCI4th)— public records—suit to compel disclosure—ex parte show cause order—voidness**

An *ex parte* order to show cause in an action against city officials to compel disclosure of public records was void where no summonses had been served on respondents, and respondents would have been entitled to Rule 60(b) relief from the order. N.C.G.S. § 1A-1, Rule 60(b).

Appeal by petitioner from order and judgment entered 4 April 1997 by Judge James C. Spencer, Jr. in Durham County Superior Court. Heard in the Court of Appeals 19 March 1998.

*Loflin & Loflin, by Thomas F. Loflin, III and Ann F. Loflin; Law Office of William G. Goldston, by William G. Goldston; and Alexander Charns, pro se; for petitioner-appellant.*

*Faison & Gillespie, by Reginald B. Gillespie, Jr., and The Banks Law Firm, P.A., by Sheena Jones Boyd, for respondents-appellees.*

LEWIS, Judge.

Petitioner requested access to certain public records by letter dated 5 December 1996. He received two letters from the City of Durham advising him that his request would be addressed. Having received no further response from the City of Durham five weeks

after sending his request, petitioner filed an action in Durham County Superior Court alleging that he had been denied access to copies of public records and seeking an order compelling their disclosure and enjoining respondents from denying him access to such records.

On 13 January 1997, the same day that petitioner filed this action, Judge Orlando F. Hudson, Jr. ordered, *ex parte*, that respondents release to petitioner the documents sought in his application or appear at a hearing scheduled for 14 February 1997 to show cause why they should not be compelled to allow petitioner to inspect the documents sought. Respondents were served with copies of petitioner's application and copies of Judge Hudson's *ex parte* order. None of the respondents received a summons.

On 5 February 1997, respondents filed motions to dismiss the action under N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). Respondents also filed a motion for relief under N.C. Gen. Stat. § 1A-1, Rule 60. A hearing on the respondents' motions was held on 13 February 1997 in Durham County Superior Court.

In an order entered 4 April 1997, Judge Spencer granted respondents' 12(b)(4), 12(b)(5), and 12(b)(2) motions to dismiss for insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction, respectively, because respondents were not served with summonses. Petitioner appeals.

**[1]** Petitioner's first argument is that an action to compel disclosure of public records under N.C. Gen. Stat. § 132-9 is not a civil action but a special proceeding to which the Rules of Civil Procedure do not apply. Therefore, petitioner argues, summonses were not required in this case. The argument is incorrect.

Our statutes define an action as "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment or prevention of a public offense." N.C. Gen. Stat. § 1-2 (1996). A suit under G.S. 132-9 fits squarely within this definition.

Furthermore, G.S. 132-9 authorizes "actions" to compel disclosure of public records. It does not provide for special proceedings. The fact that an action "brought pursuant to this section shall be set down for immediate hearing," *see* N.C. Gen. Stat. § 132-9 (1995), does

not transform the civil action into a special proceeding. We hold that a suit brought to compel the disclosure of public records under G.S. 132-9 is a civil action, not a special proceeding.

Our determination that suits under G.S. 132-9 are civil actions makes the rest of Petitioner's first argument irrelevant. However, we believe it desirable to point out that the Rules of Civil Procedure do apply to special proceedings, as to civil actions, except where a different procedure is set out in the statute. *See* N.C. Gen. Stat. § 1A-1, Rule 1; N.C. Gen. Stat. § 1-393 (1996). Therefore, unless a statute states that a summons is not required or sets out a different procedure for serving a summons, Rule 4 applies. Furthermore, we note that a summons is required for all contested special proceedings. *See* N.C. Gen. Stat. § 1-394 (1996).

[2] Having determined that actions under G.S. 132-9 are civil actions, we move to petitioner's second argument. Petitioner takes the position that a summons is merely a "piece of paper" that would have been superfluous considering the other materials served on respondents. It is true that the respondents were served with petitioner's application for disclosure and a copy of Judge Hudson's *ex parte* Order to Show Cause which, together, provided respondents with most of the information required for a summons. However, a summons has independent legal significance. *Collins v. Edwards*, 54 N.C. App. 180, 182, 282 S.E.2d 559, 560 (1981) (stating that where proper summons was not issued, the action was never commenced). We are not aware of any case in which actual notice has been found to be sufficient to commence a lawsuit in which no summons was served. Summonses were never served in this case and, therefore, this action is deemed never to have commenced.

[3] Petitioner's final argument is that Judge Spencer exceeded his authority by overruling Judge Hudson's *ex parte* Show Cause Order when he dismissed the action for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. Petitioner's argument is without merit.

A superior court judge may not overrule the order of another superior court judge. *Wall v. England*, 243 N.C. 36, 39, 89 S.E.2d 785, 787 (1955). Here, Judge Spencer heard respondents' motions under N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6) and 60(b) seeking dismissal of the case and relief from Judge Hudson's *ex parte* Show Cause Order.

Respondents' jurisdictional challenges had not been before Judge Hudson when the *ex parte* order was entered. In fact, the *ex parte* Show Cause Order was entered before petitioner's application was sent to respondents. Respondents asserted their personal jurisdiction and process challenges as soon as possible. Nonetheless, petitioner contends that Judge Spencer erred by considering respondents' jurisdictional claims and dismissing the action for lack of jurisdiction.

We find it unfathomable that a superior court judge would be powerless to dismiss an action for lack of personal jurisdiction and insufficiency of process simply because another superior court judge had entered an *ex parte* order prior to the commencement of the action. Such an absurd result would be contrary to statutory and constitutional jurisdictional requirements.

Petitioner further asserts that, although the trial court did not specifically address the 60(b) motion in its order, it *implicitly* granted the motion. The courts of our State do not enter implicit orders. If Petitioner means that the dismissal of the action had the *effect* of relieving the respondents from the *ex parte* order, he is correct.

Petitioner suggests that if Judge Spencer had granted respondents' 60(b) motion, he would have overruled another superior court judge. Although this case is fully decided on the reasoning set forth above, we will address this issue so that this opinion will not be misinterpreted for what it does not say.

To adopt petitioner's reasoning would render Rule 60(b) meaningless. A 60(b) order does not overrule a prior order but, consistent with statutory authority, relieves parties from the effect of an order. N.C. Gen. Stat. § 1A-1, Rule 60(b) (1990).

[4] In this case, Judge Spencer certainly would have had grounds to grant respondents' 60(b) motion because Judge Hudson's order was void as a matter of law. It is clear from the record that Judge Hudson's *ex parte* Show Cause Order was entered before any papers were served on respondents. There is nothing in the record to indicate that a certificate of service was attached to petitioner's application. It was not Judge Hudson's responsibility to effect the issuance or service of summons. Because petitioner failed to do so, personal jurisdiction was not obtained over any of the respondents. The superior court had no jurisdiction to enter such an order.

A summons is required in every case unless otherwise provided by statute. N.C. Gen. Stat. § 1A-1, Rules 1, 4 (1990). Nothing in G.S. 1-132 relieved petitioner of the obligation to serve summonses on respondents in order to obtain personal jurisdiction over them. We affirm Judge Spencer's judgment dismissing petitioner's action for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process.

Affirmed.

Judges MARTIN, John C., and MARTIN, Mark D., concur.