RANDALL VAN ENGEN, Plaintiff-Appellant v. QUE SCIENTIFIC, INC. d/b/a PC SUPERSTORE, JOHN DEAN and REGINA DEAN, Defendant-Appellees

No. COA01-578

(Filed 6 August 2002)

**1. Appeal and Error— appealability—denial of Rule 54(b) certification—underlying interlocutory order**

Although plaintiff appeals from the trial court's is denial of plaintiff's motion for an N.C.G.S. § 1A-1, Rule 54(b) certification in a 27 March 2001 order, this appeal is dismissed because the proper methods for appealing an underlying interlocutory order are to argue the interlocutory order affects a substantial right or

to petition the Court of Appeals for a writ of certiorari under N.C. R. App. P. 21(b).

## 2. Jurisdiction— personal—Rule 60(b) motion

The trial court did not abuse its discretion in its 5 January 2001 order granting the individual defendants' N.C.G.S. § 1A-1, Rule 60(b) motion to set aside the 18 August 1999 orders entered by the trial court after plaintiff was allowed to amend his complaint to add the individuals as defendants in an action originally brought against a corporation because the trial court did not have personal jurisdiction over the individual defendants where: (1) a summons was not served on the individual defendants by any statutory method; (2) there is no evidence in the record that defendants appeared in their individual capacities in this action; (3) although plaintiff argues defendants' Rule 60(b) motion was untimely since it was filed more than one year after the 18 August 1999 orders were entered, a void judgment is a legal nullity which may be attacked at any time; and (4) although plaintiff argues one superior court judge may not overrule the decisions of another superior court judge, a Rule 60(b) order does not overrule a prior order but instead relieves parties from the effect of an order.

Appeal by plaintiff from order dated 5 January 2001 by Judge Timothy J. Kincaid in Superior Court, Catawba County and order dated 27 March 2001 by Judge L. Oliver Noble in Superior Court, Catawba County. Heard in the Court of Appeals 12 March 2002.

*Phyllis A. Palmieri for plaintiff-appellant.*

*Sigmon, Clark, Mackie, Hutton, Hanvey & Ferrell, P.A., by Stephen L. Palmer, for defendant-appellees.*

McGEE, Judge.

Randall Van Engen (plaintiff) filed a complaint dated 17 August 1998 against Que Scientific Inc. d/b/a PC Superstore (Que Scientific) seeking damages for alleged unpaid overtime wages and discriminatory employment practices. The complaint and summons were served on Que Scientific by registered mail through its registered agent, Regina Dean, on 19 August 1998. Que Scientific filed an answer dated 13 October 1998. John Dean, as president of Que Scientific, filed an affidavit dated 30 September 1998 (R18) stating that Que Scientific was a North Carolina corporation with assets in North Carolina, and that Que Scientific had attempted to resolve matters with plaintiff

because the company's Hickory store was being sold and Que Scientific did not want to have any outstanding debt. Que Scientific defended this action until 15 February 1999, when it notified plaintiff that it could no longer afford to defend the action and would not resist a judgment.

Plaintiff filed a motion for summary judgment dated 3 March 1999 against Que Scientific. Plaintiff filed a motion on 2 August 1999 to amend his complaint to add John Dean and Regina Dean (the Deans) as individual defendants in the original action against Que Scientific. The trial court heard and granted plaintiff's motion to amend his complaint in an order filed 18 August 1999. The trial court also granted summary judgment for plaintiff and entered judgment in the amount of $41,748.30 against Que Scientific and the Deans in an order filed 18 August 1999.

The Deans filed a motion dated 1 September 2000 to set aside the 18 August 1999 orders pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b), stating the trial court did not have personal jurisdiction over the Deans. The Deans alleged in their motion that: (1) they never received notice of the 2 August 1999 hearing; (2) they never received a copy of plaintiff's motion to amend his complaint; (3) they never received a copy of plaintiff's amended complaint; (4) the amended complaint was never served on them in accordance with N.C. Gen. Stat. § 1A-1, Rule 4; (5) no notice of hearing was filed regarding plaintiff's motion to amend his complaint or his motion for summary judgment; (6) they had no knowledge the matter was set for hearing and therefore did not appear at the hearing; and (7) they never received copies of the orders filed on 18 August 1999.

Following a hearing on the Deans' Rule 60(b) motion, the trial court entered an order dated 5 January 2001 setting aside the 18 August 1999 orders with respect to the Deans. The trial court found as fact that the Deans were not served pursuant to N.C. Gen. Stat. § 1A-1, Rule 4 and that they did not consent to the trial court's exercise of personal jurisdiction over them. The trial court concluded as a matter of law that it did not have personal jurisdiction over the Deans and the orders entered against them were therefore void *ab initio*.

Plaintiff filed a motion dated 24 January 2001 seeking certification of the 5 January 2001 order for immediate appeal and to stay execution of the 5 January 2001 order. The trial court denied plaintiff's motion in an order filed 27 March 2001, stating that the 5 January

2001 order was an interlocutory order and was not a final adjudication as to any claim raised in the action, or as to any party in the action. The trial court also denied plaintiff's motion to stay execution. Plaintiff appeals the order dated 5 January 2001 setting aside the judgment against the Deans and the 27 March 2001 order denying certification and stay of execution.

## I.

**[1]** We must first determine if plaintiff's appeal of the 27 March 2001 order of the trial court is properly before our Court. An appeal of right lies from a final judgment. N.C. Gen. Stat. § 7A-27 (1999).

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. . . . An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted). As a general rule, there is no right of immediate appeal from interlocutory orders or judgments, and they may be reviewed only upon appeal from a final judgment. *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578-79 (1999). There are, however, two circumstances in which a party may appeal an interlocutory order: (1) if the order of the trial court is final as to some but not all of the claims or parties, and the trial court certifies the case for immediate appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) (1999), or (2) where the order appealed from affects a substantial right of the parties. N.C. Gen. Stat. § 7A-27(d)(1) (1999) and N.C. Gen. Stat. § 1-277 (1999).

In this case, the trial court determined that the 5 January 2001 order setting aside the 18 August 1999 orders was not a final order because it did not dispose of the case as to any party or claim in the action. *See First American Savings & Loan Assoc. v. Satterfield*, 87 N.C. App. 160, 359 S.E.2d 812 (1987). *See also Howze v. Hughes*, 134 N.C. App. 493, 518 S.E.2d 198 (1999). In an order dated 27 March 2001, the trial court denied plaintiff's motion for a Rule 54(b) certification. Plaintiff argues the trial court erred in denying his motion for certification.

Although a trial court's decision to grant a Rule 54(b) certification is not binding on our Court and is fully reviewable on appeal, *Giles v.*

**VAN ENGEN v. QUE SCIENTIFIC, INC.**

[151 N.C. App. 683 (2002)]

*First Virginia Credit Services, Inc.*, 149 N.C. App. 89, 94-95, 560 S.E.2d 557, 561 (2002), a trial court's denial of a motion for a Rule 54(b) certification has not previously been directly reviewed by our Court in that our rules do not provide an appellant with relief from the denial of a motion for a Rule 54(b) certification. Rather, the proper methods for appealing an underlying interlocutory order are to argue the interlocutory order affects a substantial right, or to petition our Court for a writ of certiorari pursuant to N.C.R. App. P. 21(b). We therefore dismiss plaintiff's appeal of the 27 March 2001 order of the trial court.

II.

**[2]** By his first two assignments of error, plaintiff contends the trial court erred in its 5 January 2001 order granting the Deans' Rule 60(b) motion to set aside the 18 August 1999 orders.

The 5 January 2001 order of the trial court is interlocutory and thus not immediately appealable to this Court; nevertheless, we elect to treat plaintiff's appeal of this order as a petition for a writ of certiorari pursuant to N.C.R. App. P. 2 and grant the petition to review the merits of plaintiff's appeal. *Dawson v. Atlanta Design Assocs., Inc.*, 144 N.C. App. 716, 718, 551 S.E.2d 877, 879 (2001) and N.C. R. App. P. 2.

On appeal, "[a] trial court's ruling on a Rule 60(b) motion is reviewable only for an abuse of discretion." *Coppley v. Coppley*, 128 N.C. App. 658, 663, 496 S.E.2d 611, 616, *disc. review denied*, 348 N.C. 281, 502 S.E.2d 846 (1998). In its order setting aside the judgment against the Deans, the trial court concluded as a matter of law that the trial court did not have personal jurisdiction over the Deans and therefore the 18 August 1999 orders entered against them were void *ab initio*. We find the trial court did not abuse its discretion in setting aside the 18 August 1999 orders against the Deans.

Plaintiff argues the trial court erred because (a) the amended complaint did not require that a new summons be issued and defendants voluntarily appeared in the action, (b) the Deans' Rule 60(b) motion was not timely filed, and (c) one superior court judge may not overrule another superior court judge.

A.

"Jurisdiction of the court over the person of a defendant is obtained by service of process, voluntary appearance, or consent."

*Grimsley v. Nelson,* 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996) (citing *Hale v. Hale,* 73 N.C. App. 639, 641, 327 S.E.2d 252, 253 (1985)).

There is no evidence in the record, nor does plaintiff contend, that a new summons was issued as to the Deans upon the amendment of plaintiff's original complaint adding them as individual defendants in the action. Rather, plaintiff contends no new summons was required to be issued. We disagree.

In the original complaint, the Deans were not parties to the action and thus there was no claim against them as individual defendants. To obtain jurisdiction over them as individual defendants and bring them into the action, plaintiff was required to serve process on the Deans pursuant to N.C. Gen. Stat. § 1A-1, Rule 4 (1999) which "provides the methods of service of summons and complaint necessary to obtain personal jurisdiction over a defendant, and the rule is to be strictly enforced to insure that a defendant will receive actual notice of a claim against him." *Grimsley,* 342 N.C. at 545, 467 S.E.2d at 94 (citing *Guthrie v. Ray,* 31 N.C. App. 142, 144, 228 S.E.2d 471, 473 (1976), *rev'd on other grounds,* 293 N.C. 67, 235 S.E.2d 146 (1977)). Service upon a natural person, not under a disability is effected

a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(1) (1999).

" 'The issuance and service of process is the means by which the court obtains jurisdiction. Where no summons is issued the court acquires jurisdiction over neither the persons nor the subject matter of the action.' " *Croom v. Department of Commerce,* 143 N.C. App. 493, 496, 547 S.E.2d 87, 90 (2001) (quoting *In re Mitchell,* 126 N.C. App. 432, 433, 485 S.E.2d 623, 624 (1997) (internal citations omitted)). In this case, a summons was not served on the Deans by any statutory

method; thus, "this action is deemed never to have commenced" as to the Deans because they had no notice they were being sued in their individual capacity. *Charns v. Brown*, 129 N.C. App. 635, 638, 502 S.E.2d 7, 9 (1998).

Plaintiff argues, however, that the Deans made a voluntary appearance in this action and therefore the trial court acquired personal jurisdiction over them. There is no evidence in the record that the Deans appeared in their individual capacities in this action. Before 2 August 1999, there was no claim against the Deans as individuals. Plaintiff contends because John Dean was a shareholder in Que Scientific, filed an affidavit in this action, and executed a security agreement with plaintiff, he voluntarily appeared, thus subjecting himself to personal liability. We disagree. There is no evidence that John Dean took any of these actions other than as an agent of Que Scientific or that by taking these actions he accepted personal liability for Que Scientific. *See Air Traffic Conf. of America v. Marina Travel*, 69 N.C. App. 179, 316 S.E.2d 642 (1984).

Plaintiff also argues that Regina Dean voluntarily appeared in the action because she accepted service as the registered agent of Que Scientific. Again, we disagree. Like John Dean, Regina Dean accepted service of the original complaint in her capacity as registered agent of the corporation, not in an individual capacity.

B.

Plaintiff also argues the trial court erred in setting aside the 18 August 1999 orders because the Deans' Rule 60(b) motion was not timely filed in that it was filed more than one year after the 18 August 1999 orders were entered. We disagree.

N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (1999) allows the trial court to "relieve a party . . . from a final . . . order" if "[t]he judgment is void." A Rule 60(b) motion must be made "within a reasonable time[.]" N.C. Gen. Stat. § 60(b). "[A] judgment or order . . . rendered without an essential element such as jurisdiction or proper service of process . . . is void." *County of Wayne ex rel. Williams v. Whitley*, 72 N.C. App. 155, 157, 323 S.E.2d 458, 461 (1984). The 18 August 1999 orders in this case were entered without personal jurisdiction over the Deans, and the trial court correctly concluded that as a matter of law, the orders were void *ab initio*. "[B]ecause a void judgment is a legal nullity which may be attacked at any time[,]" the Deans' motion was made within a reasonable time. *Allred v. Tucci*, 85 N.C. App. 138,

141, 354 S.E.2d 291, 294, *disc. review denied,* 320 N.C. 166, 358 S.E.2d 47 (1987).

Finally, plaintiff argues the trial court erred in setting aside the 18 August 1999 orders because one superior court judge may not overrule the decisions of another superior court judge. However, "[a] 60(b) order does not overrule a prior order but, consistent with statutory authority, relieves parties from the effect of an order." *Charns,* 129 N.C. App. at 639, 502 S.E.2d at 10 (citing N.C. Gen. Stat. § 1A-1, Rule 60(b) (1990)). Plaintiff has failed to show the trial court abused its discretion in granting the Deans' Rule 60(b) motion to set aside the 18 August 1999 orders.

Plaintiff's first and second assignments of error are overruled. We affirm the trial court's order setting aside the 18 August 1999 order.

In review, we dismiss plaintiff's appeal of the 27 March 2001 order of the trial court; we affirm the 5 January 2001 order of the trial court setting aside the 18 August 1999 orders.

Dismissed in part; affirmed in part.

Judges GREENE and CAMPBELL concur.