GUILFORD CTY. v. DAVIS

[177 N.C. App. 459 (2006)]

GUILFORD COUNTY BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT OFFICE,
EX REL. WILAMENIA N. NORWOOD, PLAINTIFF v. AKAN B. DAVIS, DEFENDANT

No. COA05-645

(Filed 2 May 2006)

**Child Support, Custody, and Visitation— IV-D child support—
mandatory wage withholding**

The trial court erred by failing to order the provision for
wage withholding in a IV-D child support case under N.C.G.S.
§§ 110-136.3 and 110-136.4(b), because mandatory statutory pro-
visions applicable to IV-D cases require the trial court to order
wage withholding.

Appeal by defendant from an order entered 4 February 2005 by
Judge Joseph E. Turner in Guilford County District Court. Heard in
the Court of Appeals 27 March 2006.

*Guilford County Attorney's Office, by Deputy County Attorney
Angela F. Liverman, for plaintiff-appellant.*

*No brief submitted by defendant-appellee.*

BRYANT, Judge.

The Guilford County Child Support Enforcement Agency (GCC-
SEA-plaintiff), on behalf of Wilamenia N. Norwood, appeals an order
entered 4 February 2005 denying a request to establish income wage
withholding[1] from Akan B. Davis (defendant) in support of T.A.[2]
Davis, his minor child.

GCCSEA filed a complaint on 19 October 2004, on behalf of plain-
tiff seeking adjudication of paternity, child support, and medical
insurance for T.A., reimbursement of past paid public assistance and
wage withholding. The parties submitted to DNA paternity testing on
26 March 2003, and the probability of paternity was 99.99%.
Defendant did not contest paternity at the 7 January 2004 hearing.
GCCSEA testified plaintiff was not working due to an accident and
she was receiving public assistance for her three minor children, one
of whom was defendant's child. Defendant testified he earned ap-

---

1. The order requires defendant to pay $565.00 monthly and a total of $375.00 in
child support arrears (an additional $30.00 per month), effective 1 February 2005.

2. Initials are used to protect the identity of the juvenile.

proximately $3,743.56 per month. Defendant also testified he paid $117.00 for health insurance premiums and voluntarily pays $300.00 monthly for another child he is obligated to support. Defendant stated he voluntarily gives plaintiff $200.00 monthly for T.A. After hearing the evidence regarding the parties' earnings, the trial court imputed minimum wage earnings for plaintiff because she was working before the accident and a worksheet "A" was completed. According to the N.C. Child Support Guidelines, the monthly child support obligation for defendant was $565.00. The complaint requested income wage withholding be implemented immediately. At the hearing, GCCSEA requested defendant pay $565.00 for current child support and $30.00 for arrears through wage withholding. In its order, the trial court denied plaintiff's request for wage withholding.

---

On appeal plaintiff argues the trial court erred by failing to order the provision for wage withholding in a IV-D[3] child support case pursuant to N.C. Gen. Stat. §§ 110-136.3 and 110-136.4(b). We note defendant did not file a brief.

"When determining a child support award, a trial judge has a high level of discretion, not only in setting the amount of the award, but also in establishing an appropriate remedy." *Taylor v. Taylor*, 128 N.C. App. 180, 182, 493 S.E.2d 819, 820 (1997) (citation omitted). However, the court's discretion is curtailed in IV-D cases in which services involve a child support enforcement agency. *McGee v. McGee*, 118 N.C. App. 19, 31, 453 S.E.2d 531, 538 (1995). Mandatory statutory provisions applicable to IV-D cases require the trial court to order wage withholding. *Id.* at 31, 453 S.E.2d at 538.

North Carolina General Statutes Section 110-136.3 states "[a]ll child support orders, civil or criminal, entered or modified in the State in IV-D cases *shall* include a provision ordering income withholding to take effect immediately[.]" N.C. Gen. Stat. § 110-136.3 (2005) (emphasis added). Section 110-136.4(b) states "[w]hen a new or modified child support order is entered, the *district court judge shall*, after hearing evidence regarding the obligor's disposable income, place the obligor under an order for immediate income withholding." N.C. Gen. Stat. § 110-136.4(b) (2005) (emphasis added).

---

3. A "IV-D" case is one in which "services have been applied for or are being provided by a child support enforcement agency established pursuant to Title IV-D of the Social Security Act as amended [42 U.S.C.S. § 666 (2005).]" N.C. Gen. Stat. § 110-129(7) (2005).

GUILFORD CTY. v. DAVIS

[177 N.C. App. 459 (2006)]

The evidence in the case *sub judice* showed defendant had gross monthly earnings of $3,743.56. Defendant was given a $300.00 credit on worksheet "A" for his voluntary payment for another minor child and $117.00 credit for monthly payments for health insurance premiums. The trial court found "[p]laintiff has applied for Child Support Services and the Child Support Agency is required to provide service to [eligible] individuals" and GCCSEA had requested immediate wage withholding pursuant to N.C.G.S. § 110-136.3. Based on its findings and conclusions, the trial court ordered defendant to pay $565.00 per month in child support for T.A. and $375.00 in arrears ($30.00 per month), beginning 1 February 2005.

Despite the fact this is a child support order in a IV-D case, the trial court "denied the request for income withholding from the [d]efendant's disposable income." Contrary to the statutory mandate applicable in IV-D cases, the trial court failed to order wage withholding from defendant. *See McGee* at 29, 453 S.E.2d at 537 (the trial court erred by failing to direct income withholding to ensure payment of the father's child support arrearage). Therefore, we must reverse and remand to the trial court for entry of judgment ordering immediate income withholding pursuant to N.C.G.S. § 110-136.4(b). *See Griffin v. Griffin*, 103 N.C. App. 65, 68, 404 S.E.2d 478, 480 (1991) (The trial court properly withheld income to assure "that all children . . . who are in need of assistance in securing financial support from their parents will receive assistance regardless of their circumstances.") (citation omitted).

Reversed and remanded.

Chief Judge MARTIN and Judge HUDSON concur.