**DUPLIN CNTY. DEP'T OF SOC. SERVS. EX REL. PULLEY v. FRAZIER**

[230 N.C. App. 480 (2013)]

DUPLIN COUNTY DSS ON BEHALF OF DEBBIE L. PULLEY, PLAINTIFF
v.
WELDON E. FRAZIER, JR., DEFENDANT

No. COA13-619

Filed 19 November 2013

### Child Custody and Support—child support arrearages—periodic payments—no valid basis to set aside provision

The trial court erred in a child support case by granting defendant's motion pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure and setting aside a provision in a prior judgment for child support requiring defendant to make periodic payments towards his child support. There was no valid basis under Rule 60(b) that would permit the trial court's modification of the prior judgment.

Appeal by plaintiff from order entered 4 March 2013 by Judge James Lloyd Moore, Jr. in Duplin County District Court. Heard in the Court of Appeals 23 October 2013.

*Warrick and Bradshaw, P.A., by Frank L. Bradshaw, for plaintiff-appellant.*

*No brief filed on behalf of defendant-appellee.*

DAVIS, Judge.

Duplin County Department of Social Services, on behalf of Debbie L. Pulley ("Plaintiff"), appeals from the trial court's order setting aside a portion of a prior judgment for child support arrearages pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. The primary issue on appeal is whether the trial court erred in setting aside the provision in the prior judgment requiring Weldon E. Frazier, Jr. ("Defendant") to make periodic payments towards his child support arrearages. After careful review, we vacate the trial court's order and reinstate the prior judgment.

### Factual Background

On 24 September 1991, Plaintiff filed a complaint to establish paternity and compel child support, alleging that Defendant was the natural father of the minor child, Jonathan.[1] The trial court entered an order

---

1. A pseudonym is used throughout this opinion to protect the privacy of the child.

12 November 1991 adjudicating Defendant to be the natural and biological father of Jonathan and requiring Defendant to pay $400 a month in child support and $20 a month in arrearages for past public assistance disbursed to aid in the support of Jonathan.

In 2001, Defendant moved to have his arrearages reduced and sought credit for the time during which he was imprisoned for abandonment of Jonathan. On 5 July 2001, the trial court heard the motion, and on 12 July 2001, the court (1) decreased the arrearages by $2,420; (2) determined that there were remaining arrearages in the amount of $23,600; and (3) ordered that those remaining arrearages be reduced to judgment.

On 4 June 2010, Plaintiff filed a complaint requesting the entry of an order (1) "renewing" the judgment for $23,600 in child support arrearages; and (2) requiring Defendant to make monthly payments towards those arrearages. The matter was heard on 3 August 2010 by the Honorable Paul G. Hardison. In a judgment entered on 30 August 2010 ("the 30 August Judgment"), Judge Hardison ruled that the arrearages of $23,600 remained valid and enforceable and ordered Defendant to pay $275 per month towards those arrearages pursuant to N.C. Gen. Stat. § 50-13.4(f)(8), which allows for provisions requiring periodic payments towards arrearages.

On 21 October 2010, Defendant filed a motion to set aside the 30 August Judgment pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure, asserting that "[t]he judgment entered in this matter is void in that pursuant to NCGS Section 1-302, a judgment requiring the payment of money may be enforced by execution and Defendant cannot be ordered to pay a sum certain per month to satisfy the judgment." The Honorable James Lloyd Moore, Jr. heard Defendant's motion on 15 January 2013 and entered an order on 4 March 2013 setting aside the portion of the 30 August Judgment requiring Defendant to make the periodic payments of $275 a month "[d]ue to the vagueness of N.C. Gen. Stat. § 50-13.4." Plaintiff gave timely notice of appeal to this Court.

## Analysis

It is well established that "[a] judge of the District Court cannot modify a judgment or order of another judge of the District Court" absent a showing of mistake, inadvertence, fraud, newly discovered evidence, satisfaction, or that the judgment is void. *Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117 (internal citation omitted), *appeal dismissed and disc. review denied*, 303 N.C. 319, 281 S.E.2d 659 (1981); *see In re Royster*, 361 N.C. 560, 563, 648 S.E.2d 837, 840 (2007) ("[O]ne superior court judge may not ordinarily modify, overrule, or

change the judgment or order of another superior court judge previously entered in the same case. This rule also applies to district court judges.") (internal citations omitted).

Rule 60(b) of the North Carolina Rules of Civil Procedure, however, allows a trial judge to grant a party relief from that judge's or another judge's order or judgment for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

N.C.R. Civ. P. 60(b).

Thus, an order setting aside a judgment or order based on one of the above grounds pursuant to Rule 60(b) "does not overrule a prior [judgment or] order but, consistent with statutory authority, relieves parties from the effect of [the judgment or] order." *Charns v. Brown*, 129 N.C. App. 635, 639, 502 S.E.2d 7, 10, *disc. review denied*, 349 N.C. 228, 515 S.E.2d 701 (1998). Because we cannot discern a valid basis under Rule 60(b) that would permit the trial court's modification of Judge Hardison's 30 August Judgment, we hold that the trial court erred in setting aside the provision for periodic payments contained in said judgment, and, as such, we vacate its 4 March 2013 order.

Defendant's motion to set aside Judge Hardison's judgment pursuant to Rule 60(b) alleged that "[t]he judgment entered in this matter is void in that pursuant to NCGS Section 1-302, a judgment requiring the payment of money may be enforced by execution and Defendant cannot be ordered to pay a sum certain per month to satisfy the judgment."

**DUPLIN CNTY. DEP'T OF SOC. SERVS. ex rel. PULLEY v. FRAZIER**

[230 N.C. App. 480 (2013)]

> A Rule 60(b)(4) motion is only proper where a judgment is
> "void" as that term is defined by the law. A judgment will
> not be deemed void merely for an error in law, fact, or
> procedure. A judgment is void only when the issuing
> court has no jurisdiction over the parties or subject mat-
> ter in question or has no authority to render the judgment
> entered. A judgment, if proper on its face, is not void.

*Burton v. Blanton,* 107 N.C. App. 615, 616, 421 S.E.2d 381, 382-83 (1992)
(internal citations omitted).

We conclude that Judge Hardison had both jurisdiction and author-
ity to enter the 30 August Judgment. When Plaintiff sought to "renew" the
judgment of $23,600 in arrearages for an additional ten years, Plaintiff
was bringing an action on the judgment, which was a new action on a
prior debt that was "separate and distinct from the original suit in which
the prior judgment was rendered." *NCNB v. Robinson,* 80 N.C. App. 154,
157, 341 S.E.2d 364, 366 (1986). As our Court has previously explained,
although "there is no procedure now recognized in this State by which a
judgment may be 'renewed,' " a party may obtain a new judgment on the
amount owed by bringing an independent action on the prior judgment.
*Raccoon Valley Inv. Co. v. Toler,* 32 N.C. App. 461, 462-63, 232 S.E.2d
717, 718 (1977). This is precisely what Plaintiff did, and when the matter
came before Judge Hardison, he entered the 30 August Judgment finding
that Defendant owed $23,600 in arrearages and ordering periodic pay-
ments towards those arrearages.

N.C. Gen. Stat. § 50-13.4 expressly authorizes a trial court to order
periodic payments towards arrearages, stating, in pertinent part, that
"past due periodic payments may by motion in the cause or by a separate
action be reduced to judgment which shall be a lien as other judgments
and may include provisions for periodic payments." N.C. Gen. Stat.
§ 50-13.4(f)(8) (2011). As the new judgment entered by Judge Hardison
(1) reduced the past due payments to a judgment in the amount of
$23,600; and (2) included a periodic payments provision, we conclude
that it complied with the statute allowing for this particular type of
remedy for the enforcement of child support obligations. As such, the
30 August Judgment – including its provision concerning periodic pay-
ments towards the arrearages – was not void and should not have been
set aside.

We cannot agree with Judge Moore's conclusion that N.C. Gen. Stat.
§ 50-13.4 is "vague" and does not authorize periodic payments towards
Defendant's child support arrearages. Indeed, this Court has previously

DUPLIN CNTY. DEP'T OF SOC. SERVS. EX REL. PULLEY v. FRAZIER

[230 N.C. App. 480 (2013)]

held that a party seeking to collect arrearages that have been reduced to a judgment is *not* limited solely to the execution procedures provided by N.C. Gen. Stat. § 1-302. *Griffin v. Griffin*, 103 N.C. App. 65, 66, 404 S.E.2d 478, 479 (1991). In *Griffin*, we determined that reducing the plaintiff's arrearages to judgment and withholding his income to collect the arrearages were not inconsistent remedies to enforce the payment of child support. *Id.* at 67, 404 S.E.2d at 479. We reasoned that

> [t]he trial court has broad discretion under G.S. 50-13.4(e) in providing for payment of child support. . . . It would be illogical to conclude that the General Assembly would give the trial court broad discretion in ordering methods of payment of child support and then restrict the court to only one remedy to ensure payment. . . . Additionally, G.S. 50-13.4.(f)(11) provides: "The specific enumeration of remedies in this section shall not constitute a bar to remedies otherwise available." The broad language of the statute suggests that the legislature intended to expand, not limit, the trial court's remedies in enforcing payment of child support.

*Id.* at 66-67, 404 S.E.2d at 479.

Judge Hardison's 30 August Judgment was a new judgment entered after Plaintiff initiated an action seeking an amount owed from a prior judgment. When entering this new judgment, Judge Hardison had both jurisdiction and the statutory authority — pursuant to N.C. Gen. Stat. § 50-13.4(f)(8) — to reduce the arrearages to a judgment and to make provisions for periodic payments towards the arrearages. Therefore, the 30 August Judgment was not void and could not be set aside under Rule 60(b). Accordingly, we vacate the 4 March 2013 order. *See Draughon v. Draughon*, 94 N.C. App. 597, 599, 380 S.E.2d 547, 548 (1989) ("The order setting aside the equitable distribution award has no authorized basis . . . and must be vacated.").

## Conclusion

For the reasons stated above, we vacate the trial court's 4 March 2013 order and reinstate Judge Hardison's 30 August 2010 judgment.

VACATED.

Judges ELMORE and McCULLOUGH concur.