NO. COA 14-230

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

VICTOR E. MAGAZIAN,
    Plaintiff,

v.                                      Wake County
                                        No. 12 CVS 16912
JAMES J. CREAGH,
    Defendant.


Appeal by Plaintiff from Order entered 20 September 2013 by Judge Paul Gessner in Wake County Superior Court. Heard in the Court of Appeals 4 June 2014.

> *Kerner Law Firm, PLLC, by Thomas W. Kerner, for Plaintiff.*
>
> *Smith, Debnam, Narron, Drake, Saintsing & Myers, L.L.P., by Bettie Kelley Sousa, for Defendant.*


STEPHENS, Judge.


*Factual Background and Procedural History*

This appeal arises from an action to "renew" a judgment. A Connecticut State court purportedly entered a judgment against Defendant James J. Creagh for a deficiency balance in favor of New Milford Savings Bank in the State of Connecticut on 11 March

2001[1]. Plaintiff Victor E. Magazian claims to be a successor in interest to New Milford Savings Bank. Plaintiff previously filed a Notice of Filing of Foreign Judgment against Defendant in Wake County Superior Court on 6 December 2002.

On 3 December 2012, Plaintiff filed a "Complaint to Renew Judgment" in Wake County Superior Court.[2] Defendant answered on 6 February 2013 and filed a motion for summary judgment on 30 August 2013. Plaintiff also filed a motion for summary judgment on 6 September 2013. Both summary judgment motions came on for hearing on 16 September 2013. The court granted Defendant's

---

[1] We note that, although both parties refer to the previous judgment in their briefs, no copy of the foreign judgment was included in the record on appeal. Thus, we are unable to confirm any details of the judgment. Counsel are reminded that N.C. R. App. P. 9(a)(1)(j) requires the inclusion "of all other papers filed and statements of all other proceedings had in the trial court which are necessary to an understanding of all issues presented on appeal. . . ." N.C.R. App. P. 9(a)(1)(j) (2013). Thus, even had this appeal been timely, failure to include the foreign judgment would have prevented resolution of the issue of timeliness of the action to renew the judgment.

[2] There is a ten-year statute of limitations on an action upon a judgment. N.C. Gen. Stat. § 1-47(1) (2013). Despite the language used in the caption of Plaintiff's complaint, the original judgment may not be "renewed" for an additional ten-year period. However, a creditor may obtain a new judgment by instituting a separate action based on the original judgment within the ten-year statute of limitations period. *See, e.g.*, *Duplin County DSS v. Frazier*, __ N.C. App. __, __, 751 S.E.2d 621, 625 (2013). The creditor will then have the applicable ten-year statute of limitations to enforce the new judgment. N.C. Gen. Stat. § 1-47(1).

motion, denied Plaintiff's motion, and dismissed the action with prejudice by order entered on 20 September 2013. Plaintiff received actual notice of the dismissal order by email on 25 September 2013[3] and filed a notice of appeal on 25 October 2013.

*Discussion*

On appeal, Plaintiff argues that the trial court erred by (1) granting Defendant's motion for summary judgment and (2) denying Plaintiff's motion for summary judgment. Plaintiff contends that the Notice of Filing of Foreign Judgment filed on 6 December 2002 acted as a new North Carolina judgment, and therefore Plaintiff was within the ten-year statute of limitations when he instituted the new action in December 2012. Thus, Plaintiff argues that he was entitled to judgment as a matter of law. Similarly, Plaintiff argues that Defendant's motion for summary judgment failed to show that there was no genuine issue of material fact as to whether Plaintiff was entitled to maintain his 2012 action. Because Plaintiff's appeal is untimely, we dismiss.

---

[3] The record does not contain a copy of the email and does not reflect who sent the email to Plaintiff. Plaintiff states in his notice of appeal that the order was "served on counsel for the Plaintiff via email" on 25 September 2013.

In civil actions, the notice of appeal must be filed "within thirty days after entry of the judgment if the party has been served with a copy of the judgment within the three day period" following entry of the judgment. N.C.R. App. P. 3(c)(1) (2013); N.C. Gen. Stat. § 1A-1, Rule 58 (2013). The three day period excludes weekends and court holidays. N.C. Gen. Stat. § 1A-1, Rule 6(a) (2013). Email is not a valid method of service under the North Carolina Rules of Civil Procedure. N.C. Gen Stat. § 1A-1, Rule 4 (2013). However, when a party receives actual notice that a judgment has been entered, the service requirements of Rule 3(c) are not applicable, and actual notice substitutes for proper service. *Manone v. Coffee*, ___ N.C. App. , ___, 720 S.E.2d 781, 784 (2011). Failure to file a timely notice of appeal is a jurisdictional flaw which requires dismissal. *Id.* at __, 720 S.E.2d at 782.

The order from which Plaintiff attempts to appeal was entered on 20 September 2013, a Friday. Plaintiff acknowledges in his notice of appeal that he received actual notice of the order by email on 25 September 2013, the following Wednesday. Plaintiff received actual notice within three days of entry of the order, excluding the intervening Saturday and Sunday. Therefore, to be timely, the Rules of Appellate Procedure

required Plaintiff to file his notice of appeal within 30 days of entry of the order. In other words, Plaintiff needed to file his notice of appeal on or before 21 October 2013. Because Plaintiff did not file his notice of appeal until 25 October 2013, the appeal is not timely and this court lacks jurisdiction. Accordingly, we dismiss.

DISMISSED.

Judges STROUD and MCCULLOUGH concur.