IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-745

Filed 16 May 2023

Wake County, No. 21 CVD 6100

VETRIVEL THIAGARAJAN, Plaintiff,

v.

SARALA JAGANATHAN, Defendant.

Appeal by defendant from order entered 4 February 2022 by Judge Rashad Hauter in Wake County District Court. Heard in the Court of Appeals 7 February 2023.

*Julyan Law Firm, PLLC, by McKenzie M. L. Canty, for plaintiff-appellee.*

*John M. Kirby for defendant-appellant.*

ZACHARY, Judge.

Defendant Sarala Jaganathan appeals from the trial court's equitable distribution order ("the Order") providing for an unequal distribution of the parties' marital assets. After careful review, we conclude that Defendant did not timely notice her appeal of the Order, leaving this Court without jurisdiction to review this matter. Therefore, we dismiss Defendant's appeal.

## I.    Background

This matter arises out of an equitable distribution proceeding, which culminated in the Order entered by the trial court on 4 February 2022. On 9 February

2022, Plaintiff's counsel filed a certificate of service, stating that counsel served a copy of the Order upon Defendant by first-class mail on that day. Defendant filed her notice of appeal on 11 March 2022.

## II.    Discussion

Appellate Rule 3(c) provides the deadlines for filing notice of appeal in civil cases. N.C.R. App. P. 3(c). Compliance with Appellate Rule 3(c) is no mere technicality; it is jurisdictional and, therefore, critical. *See Magazian v. Creagh*, 234 N.C. App. 511, 513, 759 S.E.2d 130, 131 (2014) ("Failure to file a timely notice of appeal is a jurisdictional flaw which requires dismissal."). In civil actions, the notice of appeal must be filed "within thirty days *after entry of judgment* if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure." N.C.R. App. P. 3(c)(1) (emphasis added). However, if the appealing party has not been served with a copy of the judgment within Rule 58's three-day window, then the party must file and serve notice of appeal "within thirty days *after service upon the party* of a copy of the judgment[.]" N.C.R. App. P. 3(c)(2) (emphasis added).

Here, the trial court entered its Order on 4 February 2022. Plaintiff served Defendant with a copy of the Order by first-class mail on 9 February. Defendant then filed notice of appeal on 11 March 2022, more than 30 days after the 4 February entry of the Order, but exactly 30 days after Plaintiff served her by first-class mail on 9 February. Thus, the question presented is whether the computation of the timeliness

of Defendant's notice of appeal is governed by Appellate Rule 3(c)(1) or 3(c)(2), with the answer depending upon whether Defendant was served with a copy of the Order within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure. *See* N.C.R. App. P. 3(c)(1)–(2). If Appellate Rule 3(c)(1) applies, Defendant's notice of appeal was untimely, and her appeal must be dismissed; under Appellate Rule 3(c)(2), however, Defendant's notice of appeal would be timely, and properly before us.

We first address the date of entry of the trial court's Order. Rule 58 of the Rules of Civil Procedure states that "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court pursuant to Rule 5." N.C. Gen. Stat. § 1A-1, Rule 58 (2021). "The purposes of the requirements of Rule 58 are to make the time of entry of judgment easily identifiable, and to give fair notice to all parties that judgment has been entered." *Manone v. Coffee*, 217 N.C. App. 619, 621, 720 S.E.2d 781, 783 (2011) (citation omitted). In the present case, the date of entry is easily identifiable: the trial court reduced the Order to writing, signed it, and filed it on 4 February 2022. We thus base our analysis of the timeliness of Defendant's notice of appeal upon this date of entry.

Next, we determine the date on which Plaintiff served a copy of the Order upon Defendant. Rule 58 provides, in pertinent part:

> The party designated by the judge or, if the judge does not otherwise designate, the party who prepares the judgment, shall serve a copy of the judgment upon all other parties within three days after the judgment is entered. *Service and proof of service shall be in accordance with Rule 5* [of

the Rules of Civil Procedure].

N.C. Gen. Stat. § 1A-1, Rule 58 (emphasis added).

Rule 5, in turn, permits service by first-class mail upon a party, which was the method utilized by Plaintiff's counsel in this case. *See id.* § 1A-1, Rule 5(b)(2)(b). Service by mail is "complete upon deposit of the pleading or paper enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service." *Id.* § 1A-1, Rule 5(b). Thus, under Rule 5(b)(2)(b), Defendant was served by mail upon Plaintiff's deposit of the copy of the Order in the United States Mail on 9 February 2022. *See id.*

The next critical factor is whether the 9 February service date fell "within the three-day period prescribed by Rule 58[.]" N.C.R. App. P. 3(c)(1). Importantly, this calculation includes only *business* days: "In computing any period of time prescribed or allowed by" the Rules of Civil Procedure, such as the three-day period prescribed by Rule 58, "[w]hen the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation" of days. N.C. Gen. Stat. § 1A-1, Rule 6(a).

Appellate Rule 3(c)(1) applies where a copy of the judgment is served "within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure[,]" N.C.R. App. P. 3(c)(1); hence, the time computation under Appellate Rule 3(c) is governed by Rule 6(a) of the Rules of Civil Procedure. Accordingly, our computation of this three-day period excludes weekends and court holidays. *See Magazian*, 234 N.C. App. at

513, 759 S.E.2d at 131 ("The three[-]day period [within which to serve a copy of a judgment] excludes weekends and court holidays.").

In *Magazian*, the appellant appealed from an order entered on a Friday, but acknowledged that he received actual notice of the order on the following Wednesday. *Id.* This Court deemed the service to have occurred on the date when he received that actual notice, and concluded that he "received actual notice within three days of entry of the order, excluding the intervening Saturday and Sunday. Therefore, to be timely, the Rules of Appellate Procedure required [the appellant] to file his notice of appeal within 30 days of entry of the order." *Id.* Because the appellant did not do so, this Court concluded that "the appeal [wa]s not timely" and dismissed for lack of jurisdiction. *Id.*

The timeline of the instant case mirrors that in *Magazian*. Here, the trial court entered the Order on Friday, 4 February 2022. The following Wednesday, 9 February 2022, Plaintiff served Defendant with a copy of the Order by first-class mail. Excluding the intermediate Saturday and Sunday from our calculation of the timeline, as we must, *id.*, Plaintiff served Defendant by mail on the third business day following the trial court's entry of the Order.

Because Defendant was "served with a copy of the [Order] within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure[,]" Appellate Rule 3(c)(1) governs the timeliness of Defendant's notice of appeal, rather than Appellate Rule 3(c)(2). N.C.R. App. P. 3(c)(1). As such, Defendant was required to file her notice

of appeal within 30 days after entry of the Order, rather than 30 days after Plaintiff's service by mail. *See id.*

Defendant filed her notice of appeal on 11 March, more than 30 days after the 4 February entry of the Order, and therefore, her notice of appeal was untimely. Consequently, we must dismiss this appeal. *See Magazian*, 234 N.C. App. at 513, 759 S.E.2d at 131.

## III.    Conclusion

For the foregoing reasons, Defendant failed to properly invoke the jurisdiction of this Court. We dismiss Defendant's appeal.

DISMISSED.

Judges TYSON and GORE concur.