METRIC CONSTRUCTORS, INC. v. INDUSTRIAL RISK INSURERS AND CAPITAL STOCK COMPANIES

No. 9021SC429

(Filed 5 March 1991)

1. **Insurance § 6 (NCI3d)— action to determine beneficiary— failure to list plaintiff in policy**

   The trial court erred by granting summary judgment for plaintiff in an action to determine the beneficiary under an insurance policy where, although plaintiff argued that the failure to list it on the policy was an oversight, the policy is not ambiguous and does not include plaintiff on the list of insureds. Any other construction would amount to an impermissible judicial revision of the insurance policy.

   **Am Jur 2d, Insurance § 1701.**

2. **Contracts § 118 (NCI4th)— action to determine insurance beneficiary—third party beneficiary**

   Plaintiff failed to allege sufficient facts to support one of the required elements of a third party beneficiary claim

in an action to determine an insurance beneficiary where plaintiff's allegation in the complaint that the defendants provided insurance for the protection of North Carolina Baptist Hospital/Bowman Gray School of Medicine, the general contractor, and the subcontractors, and the plaintiff's allegation in its amended complaint that it was otherwise entitled to protection under said insurance policies, were not sufficient factual allegations that the policy was entered into for the plaintiff's direct, and not incidental, benefit.

**Am Jur 2d, Contracts §§ 441-448.**

3. **Pleadings § 10.1 (NCI3d) — action to determine insurance beneficiary — affirmative defense — failure to raise**

Defendants did not waive their right to argue that the plaintiff was not an insured or a beneficiary in an action to determine an insurance beneficiary by failing to raise the matter as an affirmative defense in their answer because the defense that plaintiff is not an insured or beneficiary under the insurance policy does not assume or admit the original cause of action, rather it challenges the validity of the action itself.

**Am Jur 2d, Insurance §§ 1916, 1917; Pleading § 153.**

Judge PHILLIPS dissenting.

APPEAL by defendants from judgment filed 21 February 1990 in FORSYTH County Superior Court by *Judge James J. Booker.* Heard in the Court of Appeals 28 November 1990.

*Bell, Davis & Pitt, P.A., by Joseph T. Carruthers, for plaintiff-appellee.*

*Rodney A. Dean, by Rodney Dean and Michael G. Gibson, for defendant-appellants.*

GREENE, Judge.

The defendants appeal the trial court's judgment filed 21 February 1990 granting the plaintiff's motion for summary judgment and denying the defendants' motion for summary judgment.

The dispositive facts of this case are as follows: In July 1983, the defendants issued a comprehensive all risk insurance policy to North Carolina Baptist Hospitals [NCBH]. The insurance policy

does not list the plaintiff by name or otherwise as an insured
or a beneficiary.

[1]   The issue is whether the trial court erred in granting summary
judgment for the plaintiff where the plaintiff failed to show it
was an insured or a beneficiary under the insurance policy.

"Summary judgment is proper where pleadings, depositions,
interrogatories, and admissions on file, together with any affidavits,
show that there is no genuine issue as to any material fact and
that a party is entitled to judgment as a matter of law." *Silvers
v. Horace Mann Ins. Co.*, 90 N.C. App. 1, 4, 367 S.E.2d 372, 374
(1988), *modified*, 324 N.C. 289, 378 S.E.2d 21 (1989). "[A]n issue
is genuine if it can be maintained by substantial evidence. . . .
A fact is material if it would establish any material element of
a claim or defense." *Martin v. Ray Lackey Enter.*, 100 N.C. App.
349, 353, 396 S.E.2d 327, 330 (1990) (citations omitted). "Substantial
evidence is such relevant evidence as a reasonable mind might
accept as adequate to support a conclusion." *Commissioner of Ins.
v. North Carolina Fire Ins. Rating Bureau*, 292 N.C. 70, 80, 231
S.E.2d 882, 888 (1977). "In ruling on a motion for summary judgment
the evidence is viewed in the light most favorable to the non-moving
party." *Hinson v. Hinson*, 80 N.C. App. 561, 563, 343 S.E.2d 266,
268 (1986). When the plaintiff moves for summary judgment,

> he must establish that all of the facts on all of the essential
> elements of his claim are in his favor and that there is no
> genuine issue of material fact with respect to any one of the
> essential elements of his claim. In other words, the party must
> establish his claim beyond any genuine dispute with respect
> to any of the material facts.

*Steel Creek Dev. Corp. v. James*, 300 N.C. 631, 637, 268 S.E.2d
205, 209 (1980). "[T]he party with the burden of proof on the claim
. . . must have evidence on each and every one of the essential
elements of his claim . . . before he can get to the jury. If his
proof is lacking on any one of those essential elements then he
has not made out his claim . . . ." *Id.* at 638, 268 S.E.2d at 210.
"If the movant fails to carry his burden, the opposing party does
not have to respond and summary judgment is not proper regardless
of whether he responds or not." *Id.* at 637, 268 S.E.2d at 210.

In actions for benefits arising from an insurance policy, "the
burden is on the insured to show coverage." *Nationwide Mut. Ins.*

*Co. v. McAbee*, 268 N.C. 326, 328, 150 S.E.2d 496, 497 (1966). By implication, the plaintiff who claims to be an insured or a beneficiary under the policy has the burden of showing that he is an insured or a beneficiary. According to our Supreme Court, it is a

> well-settled principle that an insurance policy is a contract and its provisions govern the rights and duties of the parties thereto. . . . It follows from this rule that those persons entitled to the proceeds of a life insurance policy must be determined in accordance with the contract. . . .
>
> In making such a determination, the intention of the parties controls any interpretation or construction of the contract, and intention must be derived from the language employed. . . . This Court has long recognized its duty to construe and enforce insurance policies as written, without rewriting the contract or disregarding the express language used. . . . The duty is a solemn one, for it seeks to preserve the fundamental right of freedom of contract . . . . Only when the contract is ambiguous does strict construction become inappropriate.

*Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 380-81, 348 S.E.2d 794, 796 (1986) (citations omitted).

Here, the defendants argue that the plaintiff did not meet its initial burden of showing that it is an insured or a beneficiary under the policy. Though the plaintiff is not mentioned by name or otherwise in the insurance policy, the plaintiff argues that "[t]he failure to list Metric as an additional insured was apparently an oversight," and that both the defendants and NCBH intended the plaintiff to be covered by the policy. The plaintiff refers this Court to extrinsic evidence to support its position on intent, not to the language of the policy. However, the plaintiff does not argue that the policy is ambiguous as to the identity of the insured or of any beneficiary. Indeed, the policy is not ambiguous on who the insured is or on who is entitled to proceeds under it. The policy defines who is an insured under the policy, and the plaintiff is not included in the list. Likewise, the policy provides that "[u]nless otherwise provided herein, loss, if any, is to be adjusted with and payable to the Insured." Because the policy is not ambiguous, this Court must strictly construe the policy without resort to extrinsic evidence. Accordingly, we conclude from the insurance policy that the plaintiff has not shown itself to be an insured or a beneficiary

METRIC CONSTRUCTORS, INC. v. INDUSTRIAL PARK INSURERS

[102 N.C. App. 59 (1991)]

under the language of the policy. Any other construction would amount to an impermissible judicial revision of the insurance policy.

[2]   As an alternate method of establishing a right to make a claim under the policy, the plaintiff argues that it "is entitled to make a claim as a third-party beneficiary of the policy." We do not reach the merits of this argument because the plaintiff failed to allege sufficient facts to support at least one of the required elements of a third-party beneficiary claim in its complaint.

> Under the 'notice theory' of pleading contemplated by Rule 8(a)(1) [of the North Carolina Rules of Civil Procedure], detailed fact-pleading is no longer required. A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial.
>
> . . . .
>
> However, . . . 'the claim for relief and the basis for defense must still satisfy the requirements of the substantive law which give rise to the pleadings, and no amount of liberalization should seduce the pleader into failing to state enough to give the substantive elements of his claim or of his defense.'

*Sutton v. Duke*, 277 N.C. 94, 104-05, 176 S.E.2d 161, 167 (1970) (citation omitted).

A plaintiff bringing suit on a third-party beneficiary theory states enough to give the substantive elements of the claim when the allegations in his complaint "show: '(1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; and (3) that the contract was entered into for his direct, and not incidental, benefit.'" *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 79 N.C. App. 81, 86, 339 S.E.2d 62, 65 (1986), *rev'd on other grounds*, 322 N.C. 200, 367 S.E.2d 609 (1988) (quoting *United Leasing Corp. v. Miller*, 45 N.C. App. 400, 405-06, 263 S.E.2d 313, 317, *disc. rev. denied*, 300 N.C. 374, 267 S.E.2d 685 (1980)). Plaintiff's allegation in its complaint that the defendants provided insurance "for the protection of NCBH/BGSM, the general contractor, and subcontractors" and the plaintiff's allegation in its amended complaint that it "was other-

wise entitled to protection under said insurance policies" are not sufficient factual allegations that the policy was entered into for the plaintiff's direct, and not incidental, benefit.

[3]   The plaintiff further argues that the defendants have waived any right to argue that the plaintiff is not an insured or a beneficiary because the defendants failed to raise the matter as an affirmative defense in their answer. This argument erroneously assumes that the absence of an element of the plaintiff's cause of action is an affirmative defense. "Defenses which assume or admit the original cause of the action alleged, but are based upon subsequent facts or transactions which go to qualify or defeat it, must be pleaded and proved by the insurer." 18A G. Couch, Couch Cyclopedia of Insurance Law § 76:158 (2d ed. 1983). Such defenses are affirmative defenses. The defense that the plaintiff is not an insured or a beneficiary under the insurance policy does not assume or admit the original cause of action, rather, it challenges the validity of the action itself. Therefore, whether the plaintiff is an insured or a beneficiary under the policy is not an affirmative defense and it need not have been pleaded as such.

Finally, the plaintiff argues that it may nonetheless make a claim under the policy because it "can recover as trustee for NCBH." Because the appellee cites no authority for this argument, it is deemed abandoned. N.C.R. App. P. 28(b)(5).

Having concluded that the plaintiff failed to meet its burden of showing an essential element of its claim, summary judgment in its favor was improper. Furthermore, the defendants' appeal of the denial of its summary judgment motion is dismissed because "the denial of a motion for summary judgment is a non-appealable interlocutory order." *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 758, 325 S.E.2d 223, 230 (1985); *see also Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 424, 302 S.E.2d 868, 871 (1983). Accordingly, the judgment of the trial court is

Vacated and remanded.

Judge ORR concurs.

Judge PHILLIPS dissents.

**METRIC CONSTRUCTORS, INC. v. INDUSTRIAL PARK INSURERS**

[102 N.C. App. 59 (1991)]

Judge PHILLIPS dissenting.

I do not agree that the record shows that plaintiff's claim is not covered by the policy involved. The policy in question is a builder's risk policy obtained for the manifest and stated purpose of protecting the owner and its builders against all risks to the properties affected by the owner's construction project. That plaintiff, an admitted subcontractor on the construction, is not named as an additional insured in the policy is immaterial. Naming the general contractor as an additional insured included by implication the subcontractors that the general contractor employed to do its work. That defendant understood this is shown by *inter alia* the testimony of their broker that the cost of the policy was the same whether a subcontractor was listed or not; the testimony of their adjuster, Snyder, that "we're saying that Metric's interests are covered"; by defendant paying the owner for a loss of plaintiff's that had the same standing under the policy as the one still disputed; and by defendant stating in its answer that it "was agreeable to paying" what it deemed the loss was upon "submission of a proof in proper form." The statement was a judicial admission that plaintiff's claim was covered by the policy, and that fact having been admitted, plaintiff did not have to prove it, though it did.

Nor do I agree that plaintiff's complaint does not adequately allege that it is a third-party beneficiary under the policy. Having alleged that the builder's risk policy was obtained for the protection of the owner, "the general contractor and subcontractors," and that it was a subcontractor on the construction project involved, any further allegation that it was a third-party beneficiary of the policy would have been a pointless redundancy. In my view the pleadings and the stipulated facts established plaintiff's claim as a matter of law and I would affirm the judgment.