THE STATE OF NORTH CAROLINA AND FORSYTH COUNTY BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT UNIT, ET AL., O/B/O CHERYL WILLIAMS, PLAINTIFF v. MICHAEL WILLIAMS, DEFENDANT

No. COA06-284

(Filed 17 October 2006)

**1. Appeal and Error— assignment of error—citation of authority—required**

An assignment of error without cited authority was deemed abandoned.

**2. Child Support, Custody, and Visitation— support—capacity to earn—findings that income deliberately depressed**

The trial court erred by considering a child support defendant's capacity to earn without findings to support a conclusion that defendant deliberately depressed income or indulged in excessive spending to avoid responsibilities.

**3. Child Support, Custody, and Visitation— support—income—car and house—payments made by parent to third-party**

The trial court erred when calculating child support by not including as attributable income to the mother vehicle and housing payments made by her father to a friend for the house she and the children lived in and the car she used.

Appeal by defendant from order entered 16 December 2005 by Judge George A. Bedsworth in Forsyth County District Court. Heard in the Court of Appeals 20 September 2006.

*John L. McGrath, for plaintiff-appellee.*

*Morrow Alexander & Porter, PLLC, by Elise Morgan Whitley, for defendant-appellant.*

TYSON, Judge.

Michael Williams ("defendant") appeals from order entered establishing the amount of his child support obligation. We reverse and remand.

## I. Background

Cheryl Williams ("plaintiff") and defendant were married on 26 November 1994 and divorced on 1 August 2005. Three children ("the children") were born of the marriage during the years of 1995, 1996, and 1998. Since the date of the parties separation on 10 May 2004, the children have resided primarily with plaintiff.

On 29 June 2005, the Forsyth County Child Support Enforcement Agency filed a complaint seeking child support from defendant on behalf of plaintiff. Following a hearing on 8 November 2005, the trial court made findings of fact and conclusions of law and entered an order on 13 December 2005. The trial court calculated plaintiff's monthly gross income to be $893.00, defendant's monthly gross income to be $3,200.00, and ordered defendant to pay $728.51 per month in child support. Defendant appeals.

## II. Issues

Defendant asserts the trial court erred by: (1) concluding he has the present means and ability to satisfy the ordered child support payment; (2) calculating his monthly gross income and imputing income to him without supporting findings of fact he is voluntarily underemployed or deliberately suppressing his income in bad faith; and (3) calculating plaintiff's monthly gross income.

## III. Standard of Review

"When determining a child support award, a trial judge has a high level of discretion, not only in setting the amount of the award, but also in establishing an appropriate remedy." *Taylor v. Taylor*, 128 N.C. App. 180, 182, 493 S.E.2d 819, 820 (1997) (citing *Moore v. Moore*, 35 N.C. App. 748, 751, 242 S.E.2d 642, 644 (1978)). " '[A]bsent a clear abuse of discretion, a judge's determination of what is a proper amount of support will not be disturbed on appeal.' " *Id.* at 181, 493 S.E.2d at 819 (quoting *Plott v. Plott*, 313 N.C. 63, 69, 326 S.E.2d 863, 868 (1985)).

To support the conclusions of law, the judge also must make specific findings of fact to enable this Court to determine whether the trial court's conclusions of law are supported by the evidence. *Plott*, 313 N.C. at 69, 326 S.E.2d at 868. "Such findings are necessary to an appellate court's determination of whether the judge's order is sufficiently supported by competent evidence." *Id.* (citing *Crosby v. Crosby*, 272 N.C. 235, 158 S.E.2d 77 (1967)). To disturb the trial

judge's calculation, the appellant must demonstrate that the ruling was manifestly unsupported by reason. *Id.*

## IV. Defendant's Means and Ability

**[1]** Defendant argues the trial court erred by concluding he had the present means and ability to make the ordered child support payment. Defendant cites no authority this conclusion was in error. This assignment of error is deemed abandoned. *See* N.C.R. App. P. 28(b)(6) (2006) ("Assignments of error . . . in support of which no . . . authority [is] cited, will be taken as abandoned."); *see Metric Constructors, Inc. v. Industrial Risk Insurers*, 102 N.C. App. 59, 64, 401 S.E.2d 126, 129 ("Because the appellee cites no authority for this argument, it is deemed abandoned."), *aff'd*, 330 N.C. 439, 410 S.E.2d 392 (1991).

## V. "Imputing" Income to Defendant

**[2]** Defendant contends the trial court erred in calculating his monthly gross income and "imputed" income by concluding his monthly gross income to be $3,200.00. Defendant argues that in imputing income the trial court failed to make findings of fact he is voluntarily underemployed or deliberately suppressed his income in bad faith. We agree.

N.C. Gen. Stat. § 50-13.4(c) (2005) determines child support payments and provides:

> Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, . . . and other facts of the particular case.

Our Supreme Court has stated:

> In determining the amount of . . . child support to be awarded the trial judge must follow the requirements of the applicable statutes . . . . Ordinarily the husband's ability to pay *is determined by his income at the time the award is made* if the husband is honestly engaged in a business to which he is properly adapted and is in fact seeking to operate his business profitably. *Capacity to earn, however, may be the basis of an award if it is based upon a proper finding* that the husband is deliberately depressing his income or indulging himself in excessive spending

because of a disregard of his marital obligation to provide reasonable support for his wife and children.

*Beall v. Beall*, 290 N.C. 669, 673-74, 228 S.E.2d 407, 410 (1976) (internal quotations and citations omitted) (emphasis supplied).

Here, the trial court concluded as a matter of law defendant's monthly gross income to be $3,200.00. This conclusion was based on the trial court's finding of fact that "the most believable statement of income for the Defendant is the one submitted under oath to the Bankruptcy Court, *i.e.*, $38,400.00 per year, or $3,200.00 per month." Defendant's statement of income in his bankruptcy filing was made in July 2004, eighteen months prior to 13 December 2005 when the trial court's child support order was entered. The trial court did not calculate defendant's "ability to pay . . . at the time the award [was] made." *Id.* In calculating defendant's monthly gross income the trial court used his "capacity to earn" as the basis for its calculation. *Id.*

"Only when there are findings based on competent evidence to support a conclusion that the supporting spouse or parent is deliberately depressing his or her income or indulging in excessive spending to avoid family responsibilities, can a party's capacity to earn be considered." *Atwell v. Atwell*, 74 N.C. App. 231, 235, 328 S.E.2d 47, 50 (1985) (citing *Beall*, 290 N.C. 669, 228 S.E.2d 407; *Whitley v. Whitley*, 46 N.C. App. 810, 266 S.E.2d 23 (1980)).

The trial court's order is devoid of such findings. Without these findings, the trial court erred by considering defendant's "capacity to earn," in computing his gross monthly income as opposed to defendant's "ability to pay . . . at the time the award was made." *Beall*, 290 N.C. at 673-74, 228 S.E.2d at 410.

## VI.  Calculation of Plaintiff's Income

[3] Defendant argues the trial court erred in calculating plaintiff's child support obligation by failing to include plaintiff's gift income as attributable income. This failure was also error and entitles defendant to reversal.

At the hearing to determine child support, plaintiff testified her father gives Darrel Buck ("Buck"), a friend of plaintiff's, money to pay $1,550.00 per month rent on the home in which plaintiff and the children reside. Plaintiff testified it is her understanding her father will continue to give the rent money to Buck for the remainder of the lease.

Plaintiff also testified the vehicle, of which she has full possession and use, is paid for by her father in the same manner. Buck purchased the car when it was repossessed from plaintiff. The payments of $340.00 a month are paid by plaintiff's father. Over $10,000.00 remained owed on the vehicle. Plaintiff testified her father will continue to make the payments on the vehicle until it is paid in full.

The trial court found as fact plaintiff's father provides money to a friend who in turn makes these payments "in an effort to hide assets and income from the Bankruptcy Court or this Court, or both." The payment of the monthly vehicle obligation and rent payment total $1,890.00.

The North Carolina Child Support Guidelines in effect at the time the child support order at issue was entered defined " 'income' [as] income from any source, including but not limited to income from . . . gifts . . . or maintenance received from persons other than the parties to the instant action." 2006 Ann. R. N.C. 48. In *Spicer v. Spicer*, we stated that income includes "any 'maintenance received from persons other than the parties to the instant action.' " 168 N.C. App. 283, 288, 607 S.E.2d 678, 682 (2005) (quoting 2005 Ann. R. N.C. 48).

." 'Maintenance' is defined as 'financial support given by one person to another . . . .' " *Id.* (quoting *Black's Law Dictionary* 973 (8th ed. 2004)). Plaintiff's vehicle and housing payments are to be considered as income to her. The trial court erred by not including these payments in calculating income in the child support order. We reverse and remand this order for the trial court to recalculate plaintiff's child support obligation, and take into account plaintiff's gift income.

## VII. Conclusion

Without findings of fact to support its conclusions of law, the trial court erred in calculating defendant's gross monthly income and by failing to include plaintiff's gift income as income for purposes of calculating child support. The order appealed from is reversed. We remand this case for the trial court to recalculate: (1) defendant's gross monthly income as of the date of the award or to enter findings of fact sufficient to consider defendant's capacity to earn and (2) plaintiff's gross monthly income, taking into account plaintiff's gift income.

Reversed and Remanded.

Judges BRYANT and LEVINSON concur.