DEBRA J. MASON, Plaintiff,
v.
RICKIE C. FREEMAN, Defendant.
No. COA07-17
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
Horack, Talley, Pharr & Lowndes, P.A., by Kary C. Watson, for plaintiff-appellant.
No brief filed for defendant-appellee.
JACKSON, Judge.
On 31 July 2006, the trial court awarded joint custody of two minor children to Debra J. Mason ("plaintiff") and Rickie C. Freeman ("defendant"). The court also ordered plaintiff to pay child support to defendant. Plaintiff appeals.
Plaintiff and defendant were married on 4 December 1993. Two minor children were born of the marriage. The couple legally separated on 1 July 2001 and entered into a separation agreement on 16 July 2001. Plaintiff and defendant were granted an absolute divorce on 29 August 2002.
Pursuant to the parties' separation agreement, defendant was to pay to plaintiff the sum of $868.52 per month in child support. Further, plaintiff was to have primary custody of the children with defendant having regular visitation "as the parties agree."
By agreement of the parties, defendant exercised visitation approximately three nights per week for several years. For approximately one year, the children stayed overnight with defendant on Saturdays, Tuesdays, and Wednesdays. However, due to scheduling conflicts, Saturday over nights were discontinued. Approximately six months later, and continuing to the time of hearing in this matter, the children stayed overnight with defendant on Mondays, Tuesdays, and Wednesdays. Defendant never made child support payments in accordance with the separation agreement. Payments varied from as low as $100.00 per month to at most $800.00 per month.
Because defendant had not been making child support payments in accordance with the separation agreement, plaintiff filed a complaint 4 February 2004 seeking specific performance, or damages for breach of contract in the alternative. Apparently because the separation agreement was not incorporated into the divorce decree,[1] that same day, plaintiff filed a separate action for child custody and child support. In response to plaintiff's custody and support action, defendant filed an answer on 7 April 2004, counterclaiming for child custody and child support.
Plaintiff's claims were heard on 18 May 2006. Her contract-related claims were dismissed. The court granted to both parties "the continued joint legal and physical custody" of the children. In addition to the three nights per week defendant had previously shared with the children, the trial court awarded additional visitation to defendant on (1) the first weekend of each month; (2) every other Thanksgiving, Christmas, Easter and Spring Break, and birthday; and (3) two non-consecutive weeks each summer. Further, the trial court ordered plaintiff to pay $490.00 per month in child support, in accordance with North Carolina Child Support Guidelines, Worksheet B. Plaintiff appeals. For the reasons stated below, we affirm in part and remand in part.
Plaintiff first argues that the trial court failed to act in the children's best interest by ordering that the parties share custody. We disagree.
In North Carolina, child custody and support orders may be modified or vacated at any time upon a showing of changed circumstances. N.C. Gen. Stat. § 50-13.7(a) (2007); Mittendorff v. Mittendorff, 133 N.C. App. 343, 344, 515 S.E.2d 464, 465 (1999). A child support agreement entered into between the parties and incorporated into a court order also is modifiable "in the same manner as any other judgment in a domestic relations case." Walters v. Walters, 307 N.C. 381, 386, 298 S.E.2d 338, 342 (1983). However, when "facts pertinent to the custody issue were not disclosed to the court at the time the original custody decree was rendered, courts have held that a prior decree is not res judicata as to those facts not before the court." Newsome v. Newsome, 42 N.C. App. 416, 425, 256 S.E.2d 849, 854 (1979).
Pursuant to North Carolina General Statutes, section 50-13.2, "[a]n order for custody of a minor child . . . shall award the custody of such child to such person . . . as will best promote the interest and welfare of the child." N.C. Gen. Stat. § 50-13.2(a) (2007). This Court previously has addressed best interests, rather than a change in circumstances, when neither the separation agreement nor the divorce decree which incorporated it were included in the record. Newsome, 42 N.C. App. at 424-25, 256 S.E.2d at 853-54. In Newsome, although the separation agreement was allegedly incorporated into the divorce decree, this Court stated that
[t]he duty of the trial judge was to enter such order respecting the child as he felt would best promote the interest and welfare of the child, a question that had not previously been decided by a court on the basis of evidence tending to show the environment in which the child was being kept.
Id. at 425, 256 S.E.2d at 854. The record before this Court in the instant case does not disclose that child custody and support were issues decided by a previous court based on evidence tending to show the environment in which the children were kept.
It is well-settled that our trial courts have broad discretion in child custody matters. Shipman v. Shipman, 357 N.C. 471, 474,586 S.E.2d 250, 253 (2003) (citing Pulliam v. Smith, 348 N.C. 616, 624, 501 S.E.2d 898, 902 (1998)) "This discretion is based upon the trial courts' opportunity to see the parties; to hear the witnesses; and to 'detect tenors, tones, and flavors that are lost in the bare printed record read months later by appellate judges.'"Id. (quoting Surles v. Surles, 113 N.C. App. 32, 37, 437 S.E.2d 661, 663 (1993)). "The decision of the trial court should not be upset on appeal absent a clear showing of abuse of discretion." Browning v. Helff, 136 N.C. App. 420, 423, 524 S.E.2d 95, 97 (2000) (citing Falls v. Falls, 52 N.C. App. 203, 209, 278 S.E.2d 546, 551, disc. rev. denied, 304 N.C. 390, 285 S.E.2d 831 (1981)). "[T]he trial court's ruling ' will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.'" Leary v. Leary, 152 N.C. App. 438, 441, 567 S.E.2d 834, 837 (2002) (quoting White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).
The trial court's findings of fact must be supported by substantial evidence. In a bench trial, the trial court's findings of fact "have the force of a jury verdict and are conclusive on appeal if there is evidence to support them. However, the trial court's conclusions of law are reviewable de novo." Browning, 136 N.C. App. at 423, 524 S.E.2d at 97-98 (citing Hunt v. Hunt, 85 N.C. App. 484, 355 S.E.2d 519 (1987); Wright v. Auto Sales, Inc., 72 N.C. App. 449, 325 S.E.2d 493 (1985)).
Plaintiff contends that the trial court made insufficient findings of fact to support its determination that it was in the children's best interest to share joint custody. The trial court made the following findings of fact with respect to custody issues and the best interests of the children:
8. Pursuant to the [Separation] Agreement, the parties were to share the custody of the minor children as mutually agreed upon by the parties.
9. After the parties' separation, the Defendant spent time with the minor children overnight on every Saturday, Tuesday and Wednesday. Defendant maintained this schedule for approximately one (1) year. Plaintiff would not agree to pick the minor children up from the Defendant on Sunday afternoons. As a result, the Defendant was unable to continue to exercise his Saturday overnight visitations.
10. Six (6) months later, the Defendant requested to have an additional overnight visit with the minor children on Monday nights in order for the minor children to attend a weekly church youth group. Initially, the Plaintiff did not allow the children to attend the youth group. Plaintiff showed up at the church and demanded that the minor children leave with her. The following Monday, Plaintiff allowed the minor children to attend the youth program with the Defendant. Defendant has continued to have the minor children overnight every Monday, Tuesday and Wednesday night since that time.
11. The church youth group also performs holiday programs and plays throughout the year. On occasion, Plaintiff has refused to allow the minor children to participate in the productions after they had rehearsed and practiced for weeks with the other children.
12. Defendant is very active with the minor children's teachers and school. Defendant has volunteered in the minor children's classrooms and read to the students. Both parents have attended parent teacher conferences and field trips with the minor children.
13. Defendant has been active with the social activities of the minor children. Defendant has coached the minor children's soccer teams since 2002. The minor children generally practice on Tuesday nights and have games on Saturdays. On occasion, Plaintiff has refused to bring the minor children to their games without prior notice to the Defendant.
14. Plaintiff had maintained health insurance coverage on the minor children since the parties' separation. [One] minor child . . . suffers from asthma. On occasion, the Defendant has had to take [him] to the doctor because of his asthma. When asked, the Plaintiff has refused to give the Defendant copies of the minor children's health insurance cards because she said that she had previously provided them to him. As a result, the Defendant obtained health insurance coverage on the minor child [with asthma] which has enabled him to receive inhalers and breathing machines for his asthma.
15. The Agreement entered by the parties does not provide any specific visitation times for holidays and special events. Plaintiff has arbitrarily denied the Defendant legitimate holiday visitation with the minor children without excuse.
. . . .
18. Both parties are fit and proper persons to have the joint legal custody, care and control of the parties' aforesaid minor children and at this time it is in the best interest of the said minor children that their joint physical custody be shared between the parties as hereinafter set forth.
Plaintiff assigned error to three of these findings of fact, but has not argued them specifically in her brief. "Assignments of error . . . in support of which no . . . argument is stated or authority cited, will be taken as abandoned." N.C. R. App. P. 28(b)(6) (2007). Further, "[w]hen no exceptions are made to the findings of fact, they are presumed to be supported by competent evidence and are binding on appeal." Anderson Chevrolet/Olds v. Higgins, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982) (citations omitted). Therefore, we are bound by these findings of fact.
"Joint custody to the parents shall be considered upon the request of either parent." N.C. Gen. Stat. § 50-13.2(a) (2007). In his answer and counterclaim filed 7 April 2004, defendant requested that the court consider joint custody. The trial court's findings of fact indicate that the court carefully considered the best interests of the children in granting joint custody. Plaintiff and defendant effectively had been exercising joint custody by agreement prior to the court's involvement. The children stayed with defendant 156 nights per year. Both parents carried health insurance on the children. Both parents were involved in decisions related to the children's education and extra-curricular activities. The trial court made explicit what had been implicit previously. We cannot say that the trial court abused its discretion in this case.
Plaintiff further contends that the trial court failed to make adequate findings resolving all of the issues raised by the evidence. She argues that she presented evidence that defendant's motivation for seeking custody was to reduce his child support obligation and that the trial court should have made findings of fact as to the defendant's compliance with the support provision of the separation agreement. We note that the obligation to support one's child is not determined by which party has custody. "Support for minor children is an obligation shared by both parents according to their relative abilities to provide support and the reasonable needs and estate of the child." Boyd v. Boyd, 81 N.C. App. 71, 77, 343 S.E.2d 581, 585 (1986) (citing N.C. Gen. Stat. § 50-13.4(b); Plott v. Plott, 313 N.C. 63, 326 S.E.2d 863 (1985)). Any claim plaintiff had for unpaid child support pursuant to the separation agreement was dismissed  a judgment from which she did not appeal.
Plaintiff also contends that the trial court abused its discretion in awarding joint custody by relying too heavily on her relationship with a man other than the children's father. Although much evidence was presented concerning this man, the trial court made only a single finding of fact regarding the relationship. "Plaintiff has been involved with a man . . . . The Court is not satisfied that the relationship with [the man] is inappropriate. The Court however, does not believe that it is appropriate to expose the minor children to casual dating partners." This finding of fact was not challenged on appeal. Further, the trial court's other findings of fact support awarding joint custody.
Based upon the foregoing, we hold that the court's conclusion that it was in the children's best interest to award joint custody was supported by the findings of fact, which in turn were supported by competent evidence in the record. There was no abuse of discretion.
Plaintiff next argues that the trial court did not make appropriate findings of fact to support its use of Worksheet B of the North Carolina Child Support Guidelines to set her child support obligation. We agree.
As noted in a recent child support enforcement case,
[w]hen determining a child support award, a trial judge has a high level of discretion, not only in setting the amount of the award, but also in establishing an appropriate remedy. Absent a clear abuse of discretion, a judge's determination of what is a proper amount of support will not be disturbed on appeal. To support the conclusions of law, the judge also must make specific findings of fact to enable this Court to determine whether the trial court's conclusions of law are supported by the evidence. Such findings are necessary to an appellate court's determination of whether the judge's order is sufficiently supported by competent evidence. To disturb the trial judge's calculation, the appellant must demonstrate that the ruling was manifestly unsupported by reason.
State ex rel. Williams v. Williams, 179 N.C. App. 838, 839-40, 635 S.E.2d 495, 496-97 (2006) (citations omitted).
"North Carolina's child support guidelines apply as a rebuttable presumption in all legal proceedings involving the child support obligations of a parent . . . ." N.C. Child Support Guidelines 2006, Ann. R. N.C. 47. "The guidelines are intended to provide adequate awards of child support that are equitable to the child and both of the child's parents." Id. "The guidelines must be used when the court enters a temporary or permanent child support order in a non-contested case or a contested hearing." Id. "When the court does not deviate from the guidelines, an order for child support in an amount determined pursuant to the guidelines is conclusively presumed to meet the reasonable needs of a child considering the relative ability of each parent to provide support . . . ." Id.
Worksheet A is used "when one parent . . . has primary physical custody of all the children for whom support is being determined." Id. at 51. Worksheet B is used when "the parents share custody of all of the children," or one parent has primary physical custody of one child and both parents share physical custody of another child. Id. Worksheet C is used when one parent has primary physical custody of one child and the other parent has primary physical custody of another child. Id. The guidelines define primary and shared custody as follows:
A parent . . . has primary physical custody of a child if the child lives with that parent . . . for at least 242 nights during the year.
. . . .
Parents share custody of a child if the child lives with each parent for at least 123 nights during the year and each parent assumes financial responsibility for the child's expenses during the time the child lives with that parent.
Id.
Plaintiff asserts that the trial court's order contains no findings of fact about the number of nights the children spend with each parent, or about the expenditures defendant makes on behalf of the children while they are in his care, thus supporting the trial court's use of Worksheet B. The trial court made only one finding of fact with respect to the number of nights the children spend with each parent. Finding of fact number 10 states that defendant kept the children overnight every Monday, Tuesday, and Wednesday night. Although we can calculate three nights per week times fifty-two weeks per year, the trial court did not make any specific findings as to how many nights the children stayed overnight with defendant per year. Nor did the trial court make any specific findings as to the number of nights the children spent with plaintiff per year. We cannot assume facts that are not in the record. Both findings were essential prerequisites to a determination as to which worksheet was appropriate.
Additionally, the trial court found as fact that the separation agreement did not provide for visitation at holidays and other special events. Accordingly, it made provisions for these additional visitation periods in its custody award. However, the trial court made no findings of fact in its written order with respect to the total number of nights the children spent with each parent taking these additional periods of visitation into account. These calculations, too, were essential to the determination as to which worksheet was appropriate for the trial court to employ. Such findings are essential in order to allow the
reviewing court to determine from the record whether the judgment _ and the legal conclusions which underlie it  represent a correct application of the law. The requirement for appropriately detailed findings is thus not a mere formality or a rule of empty ritual; it is designed instead 'to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system.' Coble v. Coble, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (quoting Montgomery v. Montgomery, 32 N.C. App. 154, 158, 231S.E.2d 26, 29 (1977); citing Crosby v. Crosby, 272 N.C. 235, 158 S.E.2d 77 (1967)).
In addition, as to the expenditures defendant makes on behalf of the children while they are in his care, the trial court made only one finding of fact. Finding of fact number 14 states that plaintiff has carried health insurance on the children since the parties separated, and that defendant carried health insurance on one of the children. The amount a parent pays for health insurance is in addition to the basic child support obligation. N.C. Child Support Guidelines 2006, Ann. R. N.C. 50. Worksheet B contemplates each parent paying for basic needs while the child is in that parent's care. "Worksheet B should be used only if both parents have custody of the child(ren) for at least one-third of the year and the situation involves a true sharing of expenses, rather than extended visitation with one parent that exceeds 122 over nights." Id. at 67. Although we can infer from the trial court's findings of fact that each parent paid such expenses, again, "[i]t is not enough that there may be evidence in the record sufficient to support findings which could have been made. The trial court must itself determine what pertinent facts are actually established by the evidence before it . . . ." Coble, 300 N.C. at 712, 268 S.E.2d at 189 (emphasis in original) (citing Knutton v. Cofield, 273 N.C. 355, 160 S.E.2d 29 (1968); Davis v. Davis, 11 N.C. App. 115, 180 S.E.2d 374 (1971)). Findings of fact numbers 10 and 14 are insufficient to support the trial court's use of Worksheet B to calculate the relative child support obligations of each parent in this case.
Because there was no abuse of discretion in the award of joint custody, that portion of the trial court's order is affirmed. However, because the trial court failed to make adequate findings of fact to support its use of Worksheet B to calculate the relative child support obligations of the parents, we remand that portion of the order to allow the trial court to provide us with appropriate findings of fact upon which to base our review.
Affirmed in part and remanded in part.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).
NOTES
[1] The record does not include a copy of the divorce decree. However, in its entirety, the record allows an inference that the separation agreement was never incorporated into the divorce decree.