JEFFREY FRANKLIN FELTS, Plaintiff,
v.
SHARON ANNE FELTS, Defendant.
No. COA07-967
Court of Appeals of North Carolina
Filed September 2, 2008
This case not for publication
Hartsell & Williams, P.A., by Christy E. Wilhelm, for plaintiff appellant.
William F. Rogers Jr., P.A., by William F. Rogers, for defendant appellee.
McCULLOUGH, Judge.

FACTS
Jeffrey Franklin Felts ("plaintiff") and Sharon Anne Felts ("defendant") were married on 12 September 1987. While married, the couple had three children: J.A.F, J.B.F, and J.A.F. On 1 January 2001, the couple separated. On 17 September 2002, an order was entered granting primary custody of J.A.F. and J.A.F. to defendant, and primary custody of J.B.F. to plaintiff. Pursuant to this order, plaintiff, who at the time was earning an average income of $5,469.56 per month, was required to pay child support payments to defendant in the amount of $688.76 per month. On 25March 2003, the trial court entered a second order granting defendant primary custody of the three children. At the time the second order was entered, the trial court determined that plaintiff was receiving a monthly income of $ 4,894.00, and that defendant was receiving a monthly income of $1,142.00. Therefore, the trial court determined that plaintiff should pay defendant $1,028.00 in child support each month.
On 29 April 2004, plaintiff filed a motion for modification of child support. In his motion, plaintiff alleged that he had sustained a work-related injury and, as a result, his gross weekly pay had been reduced. On 20 May 2004, plaintiff's motion was heard before the trial court. During this hearing, the trial court found that although plaintiff's work hours had been reduced, plaintiff was receiving workers' compensation benefits of $688.00 per week. Thus, plaintiff's gross monthly income amounted to $2,981.00. On 27 May 2004, the trial court entered an order for the temporary modification of plaintiff's child support obligation, reducing plaintiff's payments to $ 707.00 per month.
On 21 July 2004, plaintiff filed a second motion for modification of child support, alleging that, as of 2 June 2004, he was no longer receiving workers' compensation benefits. On 18 and 19 July 2006, plaintiff's motion was heard in Cabarrus County District Court. After considering the evidence, the trial court made findings which included, inter alia: (1) plaintiff paid no regular monthly payments to defendant between 1 September 2004 and 31 December 2006; (2) plaintiff willfully and intentionally failed to pay child support under the terms of the prior order; (3) plaintiff voluntarily suppressed his income in order to avoid his child support obligation; (4) plaintiff received a workers' compensation settlement in the net sum of $125,287.76 in January of 2006; (5) from this settlement $50,682.61, or $688.00 weekly, should be attributed as income to the plaintiff ("prior income") during the seventeen-month period beginning 1 September 2004 (the time of the last modification order) and ending 31 January 2006 (the month in which plaintiff received his settlement); and (6) the remaining $74,605.15 ("remainder") of the settlement should be treated as income and averaged over the twelve-month period beginning 1 February 2006 and ending 31 January 2007 (the month before the trial court's order was entered). Based on these findings, the trial court entered a modified order for child support on 21 February 2007. Plaintiff now appeals.

I.
In his first argument on appeal, plaintiff contends the trial court erred in averaging his workers' compensation settlement. We disagree.
When determining a child support award, a trial judge has a high level of discretion, not only in setting the amount of the award, but also in establishing an appropriate remedy.State ex rel. Williams v. Williams, 179 N.C. App. 838, 839-40, 635 S.E.2d 495, 496 (2006). On appeal, a judge's determination of the proper award will be reviewed for an abuse of discretion. Id. "Under this standard of review, the trial court's ruling will be overturned only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." Spicer v. Spicer, 168 N.C. App. 283, 287, 607 S.E.2d 678, 682 (2005).
In accordance with N.C. Gen. Stat. § 50-13.4(c) (2007), a court "'shall determine the amount of child support payments by applying the presumptive guidelines established pursuant to subsection (c1) of this section.'" "Child support set in accordance with the Guidelines `is conclusively presumed to be in such amount as to meet the reasonable needs of the child and commensurate with the relative abilities of each parent to pay support.'" Spicer, 168 N.C. App. at 286, 607 S.E.2d at 681 (citations omitted). According to the North Carolina Child Support Guidelines, AOC-A-162, Rev. 10/06, p. 3 ("Guidelines"), "[w]hen income is received on an irregular, non-recurring, or one-time basis, the court may average or prorate the income over a specified period of time or require an obligor to pay as child support a percentage of his or her non-recurring income that is equivalent to the percentage of his or her recurring income paid for child support."
Although plaintiff concedes that his workers' compensation settlement should be treated as income, he argues on appeal that the trial court incorrectly averaged his prior income over a seventeen-month period and the remainder of the settlement over a twelve-month period. According to plaintiff, this income was meant to compensate him for the balance of his lifetime. On review, we find no error in the trial court's treatment of plaintiff's workers' compensation settlement. Here, the trial court found that the workers' compensation lump-sum settlement constituted "one-time, non-recurring" income to plaintiff under the Guidelines. Thus, the trial court had the option of either averaging the settlement over a period of time or requiring plaintiff to pay a percentage of the settlement equivalent to the percentage of plaintiff's recurring income paid for child support. See Guidelines. In this case, the trial court chose to distribute the settlement by averaging the payment over a period of time, as previously discussed. Despite plaintiff's claim that the court should have averaged this income over a longer period of time, plaintiff has put forward no evidence to show that the trial court's treatment of this settlement was not the result of a reasoned decision. To the contrary, the evidence presented in the record indicates that the trial court properly considered the facts of the case to determine how the settlement income should be allotted. Therefore, we hold the trial court did not abuse its discretion. Plaintiff's assignment of error is overruled.

II.
In his second argument on appeal, plaintiff argues the trial court erred in making its findings of fact. According to plaintiff, these findings were not based on competent evidence and were insufficient to support the trial court's order modifying plaintiff's child support obligation. We disagree.
"The modification of [an order granting child support] must be supported by findings of fact, based upon competent evidence, that there has been a substantial change of circumstances affecting the welfare of the child." Ebron v. Ebron, 40 N.C. App. 270, 271, 252 S.E.2d 235, 236 (1979). The findings of fact must be "specific enough to indicate to the appellate court that the judge below took `due regard' of the particular `estates, earnings, conditions, [and] accustomed standard of living' of both the child and the parents.'" Coble v. Coble, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (alteration in original) (citations omitted). "In the absence of such findings, this Court has no means of determining whether the order is adequately supported by competent evidence." Id.

A.
Plaintiff first contends that the trial court's findings of fact were not based upon competent evidence. According to plaintiff, several of the trial court's findings were irrelevant or not supported by the testimony presented.
Upon review, plaintiff has failed to point to any evidence, or present any case law, to support his claims. Rather, plaintiff has simply pointed out a possible transcription error[1] and made general accusations regarding various findings of fact. Therefore, these claims are deemed to be abandoned. See N.C.R. App. P. 28 (2008).

B.
Plaintiff next contends the trial court did not make sufficient findings of fact to support its order modifying plaintiff's child support obligation. According to plaintiff, the court "did not analyze the evidence appropriately but merely stated that the plaintiff had an expensive house, an expensive recreational vehicle and lived beyond his means." On review, we find plaintiff's contention to be without merit. A review of the modification order confirms defendant's assertion that the trial court made findings of fact concerning the amount of plaintiff's recent expenses. However, the trial court's order also contains findings of fact concerning: (1) plaintiff's disability payments, (2) plaintiff's workers' compensation settlement, (3) plaintiff's custody of J.A.F., (4) plaintiff's permanent level of disability, and (5) plaintiff's attempts to obtain employment since his injury. Thus, the modification order does not support plaintiff's assertion that the trial court based its decision solely on plaintiff's expenses. On further review, we hold the trial court was presented with competent evidence to support it's findings of fact, and that its findings of fact were sufficient to support the trial court's custody order. Plaintiff's assignment of error is therefore overruled.

III.
In his third argument on appeal, plaintiff contends the trial court's conclusions of law were not supported by its findings of fact. We disagree.
"To support the conclusions of law, the judge also must make specific findings of fact to enable this Court to determine whether the trial court's conclusions of law are supported by the evidence." Williams, 179 N.C. App. at 839, 635 S.E.2d at 497. "Such findings are necessary to an appellate court's determination of whether the judge's order is sufficiently supported by competent evidence." Plott v. Plott, 313 N.C. 63, 69, 326 S.E.2d 863, 867 (1985). For the trial court's calculation to be disturbed, the appellant must show "the ruling was manifestly unsupported by reason." Williams, 179 N.C. App. at 840, 635 S.E.2d at 497.
In the case at bar, defendant reasserts his claims that the trial court's findings of fact were not supported by competent evidence and that these findings were insufficient to support the trial court's conclusions of law. As we have reviewed defendant's claims with respect to the trial court's findings of fact, and found them to be without merit, we hold the trial court made sufficient findings of fact to support its conclusions of law.

IV.
In his final argument on appeal, plaintiff argues the trial court erred in entering its order, more than six months after the hearing, without taking into account the parties' finances in the interim period. Therefore, plaintiff argues the trial court's order should be reversed or, in the alternative, remanded for additional findings of fact. We disagree.
"Rule 28(b)(6) of the Rules of Appellate Procedure restricts our review to questions that are supported by the arguments made in the brief. Where a party fails to bring forward any argument or authority in their brief to support their assignments of error, those assignments of error are deemed abandoned."Williams v. N.C. Dep't of Env't & Natural Res., 166 N.C. App. 86, 95, 601 S.E.2d 231, 236-37 (2004) (citations omitted), disc. review denied, 359 N.C. 643, 614 S.E.2d 925 (2005); N.C.R. App. P. 28(b)(6) (2007).
In the instant case, plaintiff has failed to direct the Court to any law in support of his claim. Further, plaintiff has not shown how his circumstances have changed or how he was prejudiced by the delayed entry of the judgment. We deem plaintiff's assignment of error to be abandoned.
Affirmed.
Judges ELMORE and ARROWOOD concur.
Report per Rule 30(e).
NOTES
[1] In determining the amount of child support plaintiff should have paid between 1 September 2004 and 31 January 2007, the trial court incorrectly listed the amount of $6,217.10, rather than the correct amount of $7,165.56, in its equation. The trial court's final calculation and the corresponding findings of fact, however, reflect the correct amounts. Thus, we find the trial court's error in this regard to be harmless. See Shore v. Brown, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989)("If the correct result has been reached, the judgment will not be disturbed even though the trial court may not have assigned the correct reason for the judgment entered.")