An unpublished opinion of the North Carolina Court of Appeals does not constitute
controlling legal authority. Citation is disfavored, but may be permitted in accordance
with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-460

NORTH CAROLINA COURT OF APPEALS

Filed:  1 April 2014

ELLEN STEIN (BRASINGTON),
    Plaintiff

v.                                    Wake County
                                      No. 09 CVD 7126
SCOTT A. BRASINGTON,
    Defendant.


Appeal by plaintiff from orders entered 18 March 2011 and
20 December 2012 by Judge Lori G. Christian in Wake County
District Court.  Heard in the Court of Appeals 26 September
2013.

> *Wake Family Law Group, by Marc W. Sokol and Julianne B.
> Rothert, for plaintiff-appellant.*

> *Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for
> defendant-appellee.*


DAVIS, Judge.


Ellen Brasington, now Ellen Stein ("Plaintiff"), appeals
from the trial court's 18 March 2011 child support order and 20
December 2012 order granting in part and denying in part the
parties' respective motions under Rules 52, 59, and 60.
Plaintiff's primary argument on appeal is that the trial court

erred in imputing income to her when calculating child support because its findings were not supported by competent evidence. After careful review, we affirm in part, vacate in part, and remand for additional findings.

**Factual Background**

Plaintiff and Scott A. Brasington ("Defendant") were married on 10 May 1997, separated on 16 March 2008, and are now divorced. The parties have four minor children. Since their separation, the parties have been "operating voluntarily under a 50/50 shared custodial schedule." On 3 November 2009, the trial court entered a consent order maintaining the equal physical custody arrangement.

On 28 June 2010, Plaintiff filed a request to deviate from the North Carolina Child Support Guidelines. The trial court held a hearing on 30 August 2010 and entered its child support order on 18 March 2011. The trial court determined that no evidence was presented to justify a deviation from the Child Support Guidelines, imputed income to both parties, and ordered Defendant to pay Plaintiff monthly child support payments of $451.00.

On 28 March 2011, both parties filed motions regarding the trial court's 18 March 2011 child support order. Defendant

moved for a new trial or the entry of an amended judgment pursuant to Rule 59 of the North Carolina Rules of Civil Procedure, alleging that the trial court improperly calculated his imputed income. Plaintiff's motion requested that the trial court amend the order, set aside the order, or order a new trial pursuant to Rules 52, 59, and 60. In her motion, Plaintiff contended that findings of fact 17, 18, and 21 were not supported by competent evidence.

The parties' motions came on for hearing on 11 October 2011. On 20 December 2012, the trial court entered an order partially granting and partially denying the parties' respective motions. The court concluded that "there is no good cause for the granting of either party's various and sundry motions under Rules 52, 59, and 60 of the North Carolina Rules of Civil Procedure with respect to the March 18, 2011 child support order previously entered by this Court, except in so far as finding of fact 17(e) of that order miscalculated 20% of the rental income of the property partially owned by the Plaintiff."

The trial court proceeded to recalculate Plaintiff's income and adjust Defendant's child support payments accordingly. The trial court also computed Defendant's child support arrearages, which are not being contested on appeal, in its 20 December 2012

order.  Plaintiff timely appeals from the 18 March 2011 and the 20 December 2012 orders.[1]

## Analysis

On appeal, Plaintiff asserts that the trial court erred by imputing income to her because its findings of fact regarding the calculation of her imputed income are not supported by competent evidence.  Plaintiff likewise argues that the trial court erred in partially denying her Rule 52(b), 59, and 60 motions based on her same contention that these findings are unsupported.

When entering a child support award, the trial court is required to make specific findings of fact and conclusions of law to support its order.  *Leary v. Leary*, 152 N.C. App. 438, 441-42, 567 S.E.2d 834, 837 (2002).  "This Court's review of a trial court's child support order is limited to whether there is competent evidence to support the findings of fact, despite the fact that different inferences may be drawn from the evidence."

---

[1] The thirty day period for appealing the 18 March 2011 order was tolled by the parties' respective motions under Rules 52(b) and 59.  *See* N.C.R. App. P.3(c)(3) ("[I]f a timely motion is made by any party for relief under Rules 50(b), 52(b), or 59 of the Rules of Civil Procedure, the thirty day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion . . . .").

*Hodges v. Hodges*, 147 N.C. App. 478, 482-83, 556 S.E.2d 7, 10 (2001).

Plaintiff contends that the following findings of fact are not supported by competent evidence:

> 17. The rental property plaintiff owns with her current father-in-law[:] This property produces for her a gross personal income, after expenses, of $71,280.00. The court finds this figure through the evidence presented at trial because the plaintiff's testimony and explanation concerning this rental property is not credible:
>
> > a. Plaintiff placed $65,000.00 of her own money as a down payment on this property.
> >
> > b. The property was purchased with renters already scheduled for the year.
> >
> > c. The property rents for $7,500.00 per week. If it rents for just three weeks per month for only 10 months, this produces a gross income of $225,000.00 per year.
> >
> > d. The first and second mortgages on the property are $3,200.00 and $700.00 respectively. This totals $46,800.00 per year for mortgage payments.
> >
> > e. The reasonable expenses for this property are calculated as 20% of the gross income minus the expense for the mortgages or $35,640.00. Eg. ($225,000.00 – $46,800.00) x 20% = $35,640.00.
> >
> > f. This leaves $142,560.00 in net

profits which is divided between the plaintiff and her father-in-law. Therefore, plaintiff has a gross personal income from this property of $71,280.00.

18. In addition, plaintiff has a masters degree in nursing which she earned in December 2009 from Duke University. She has never taken the required test, although eligible, to become a practicing nurse and refuses to work as a nurse due to her statement that she is pursuing a career in the "business side" of nursing. Plaintiff is voluntarily underemployed and is deliberately suppressing her income. She could earn at least $50,000.00 per year as a practicing nurse, but for her intentional underemployment and deliberate income suppression working as a sales person at the Apple Store for $10/hr.

21. It is inconceivable that the plaintiff spends this much money in a given month, travels and spends what she does on the high lifestyle for her children, but only works at the Apple store for $10/hr. Her lifestyle and spending habits for the children are commensurate with someone with a masters degree in nursing from Duke University and income from her investment/rental property. Her income from the Apple Store does not come any where near her expenses and cannot meet those expenses. Her deliberate income suppression requires the court to impute income to her in the amount commensurate as stated hereinabove or $128,280 per year or $10,106.67 per month.

We discuss each finding in turn.

Plaintiff first asserts that finding of fact 17 is unsupported because the "undisputed evidence" she offered at

trial indicated that her rental property in the Outer Banks did not generate a profit in 2010 and was not expected to make a profit in 2011. In making this argument, however, Plaintiff disregards the fact that the trial court expressly found that Plaintiff's testimony regarding the rental property was "not credible."

"In a non-jury trial, the weight, credibility, and convincing force of the evidence is for the trial court, who is in the best position to observe the witnesses and make such determinations." *Meehan v. Lawrence*, 166 N.C. App. 369, 385, 602 S.E.2d 21, 31 (2004) (citation, quotation marks, and brackets omitted); see *Burnett v. Wheeler*, 133 N.C. App. 316, 318, 515 S.E.2d 480, 482 (1999) ("This Court is deferential to determinations of child support by district court judges, who see the parties and hear the evidence first-hand.").

In this case, the trial court made multiple findings concerning Plaintiff's lack of credibility at trial. Specifically, the trial court (1) "[did] not find the plaintiff's testimony credible about her income and expenses through her testimony at trial and through her deposition;" (2) determined that Plaintiff's testimony regarding her current husband's financial situation was "not credible and evasive";

(3) found that "[P]laintiff is not credible"; and (4) determined that Plaintiff's explanation concerning the $45,000.00 in deposits to her account was "not credible" and that "[m]oney is coming into the plaintiff from some source, but [it] is unclear to where the funds are coming from." The trial court also found that Plaintiff was voluntarily underemployed and "deliberately suppressing her income which is a deliberate disregard to the financial needs of the minor children." Based on its assessment of the credibility of Plaintiff's testimony concerning her financial status, the trial court elected to perform its own calculation of the gross income derived from the rental property by determining its potential annual income and subtracting mortgage payments and reasonable expenses.

"Generally, a party's ability to pay child support is determined by that party's actual income at the time the award is made." *McKyer v. McKyer*, 179 N.C. App. 132, 146, 632 S.E.2d 828, 836 (2006). However, when a party is found to be deliberately depressing his or her income or otherwise acting "in deliberate disregard of the obligation to provide reasonable support for the child[ren]," the trial court may utilize the party's capacity to earn income as the basis for a child support award. *Metz v. Metz*, 212 N.C. App. 494, 500, 711 S.E.2d 737,

741 (2011) (citation and quotation marks omitted). The imputation of income requires a showing of bad faith by that party, which may be met through evidence of "a sufficient degree of indifference to the needs of [the] . . . child[ren]," *McKyer*, 179 N.C. App. at 146, 632 S.E.2d at 836, or evidence that the party is "indulging in excessive spending to avoid family responsibilities," *State ex. rel. Williams v. Williams*, 179 N.C. App. 838, 841, 635 S.E.2d 495, 497 (2006) (citation and quotation marks omitted).

We conclude that the trial court's unchallenged findings of fact 14 and 16 stating that (1) Plaintiff is "voluntarily underemployed" and "deliberately suppressing her income" as an Apple Store employee, earning $10.00 per hour; and (2) given her monthly expenses of $7,000.00, "Plaintiff does not have the luxury to work in this voluntarily underemployed status as this is a deliberate disregard to the financial needs of the children," are sufficient to support its imputation of income to Plaintiff from the rental property. *See Crenshaw v. Williams,* 211 N.C. App. 136, 142, 710 S.E.2d 227, 232 (2011) ("Unchallenged findings are presumed to be supported by competent evidence and are binding on appeal." (citation, quotation marks, and brackets omitted)).

Indeed, in the rental property context, this Court has specifically noted that when the evidence indicates that a party is deliberately suppressing income and "failing to make a good faith effort to obtain the best and highest rental income from the properties, then the trial court would be required to utilize the potential rather than the actual income from the operation of these rental properties . . . ." *Lawrence v. Tise*, 107 N.C. App. 140, 148, 419 S.E.2d 176, 181 (1992). When calculating gross income from rental payments, the North Carolina Child Support Guidelines instruct trial courts to subtract "ordinary and necessary expenses" from the gross receipts to arrive at the "appropriate level of gross income available to a parent to satisfy a child support obligation." Form AOC-A-162, Rev. 1/11. Here, the trial court made detailed findings calculating the potential gross receipts from the rental property by computing weekly rental fees — based on a figure to which Plaintiff testified — for 30 weeks per year. The trial court then subtracted out the payments for the two mortgages and reasonable expenses for upkeep and maintenance. Finally, the court divided the total sum in half because Plaintiff's investment partner was entitled to one half of the income from the property.

While Plaintiff contends that the sum arrived at by the trial court was unreasonable because it does not reflect the evidence she presented at trial, it is well established that "[t]he mere introduction of evidence does not entitle the proponent to a finding thereon, since the finder [of fact] must pass on its weight and credibility." *Long v. Long*, 71 N.C. App. 405, 407, 322 S.E.2d 427, 430 (1984). In light of the trial court's determinations that (1) Plaintiff's testimony regarding her financial welfare was "evasive"; (2) she was deliberately suppressing her income; and (3) Plaintiff had several large deposits into her bank accounts that she was not able to account for, we cannot conclude that the trial court's method of calculating the income generated by the rental property was "manifestly unsupported by reason." *See Williams*, 179 N.C. App. at 839-40, 635 S.E.2d at 497 ("To disturb the trial judge's calculation [of child support], the appellant must demonstrate that the ruling was manifestly unsupported by reason.").

Plaintiff next challenges findings of fact 18 and 21, both of which address her nursing degree from Duke University, her current employment at the Apple Store, and the trial court's determination that she was deliberately suppressing her income. Plaintiff first draws our attention to the fact that she

received an *undergraduate* degree in nursing from Duke in *2008* —
contrary to the trial court's findings of fact, which state that
she received her *master's* degree in *2009*. While we acknowledge
that these portions of the trial court's findings 18 and 21 are
erroneous, we conclude that these slight inaccuracies do not
rise to the level of reversible error. *See In re Estate of
Mullins*, 182 N.C. App. 667, 670-71, 643 S.E.2d 599, 601 ("In a
non-jury trial, where there are sufficient findings of fact
based on competent evidence to support the trial court's
conclusions of law, the judgment will not be disturbed because
of other erroneous findings which do not affect the
conclusions." (citation omitted)), *disc. review denied*, 361 N.C.
693, 652 S.E.2d 262 (2007).

Moreover, Plaintiff has asserted no argument as to how she
was prejudiced by this error. *See Smallwood v. Smallwood*, ___
N.C. App. ___, ___, 742 S.E.2d 814, 821 (2013) (explaining that
"appellant has the burden not only to show error, but also to
show that the alleged error was prejudicial and amounted to the
denial of some substantial right" (citation and quotation marks
omitted)).

Plaintiff also contends that the portions of findings 18
and 21 imputing income to her based on a potential salary of

$50,000.00 per year were not supported by competent evidence. While we conclude that the trial court's finding that Plaintiff was deliberately suppressing her income is supported by the evidence and the unchallenged findings as discussed above, we "must remand for additional findings of fact regarding the proper amount" of income to be imputed to Plaintiff. *McKyer*, 179 N.C. App at 148, 632 S.E.2d at 838.

The Child Support Guidelines require trial courts to base the income imputed to a parent "on the parent's employment potential and probable earnings level based on the parent's recent work history, occupational qualifications and prevailing job opportunities and earning levels in the community." Form AOC-A-162, Rev. 1/11. Here, the trial court determined that Plaintiff "could earn at least $50,000.00 per year as a practicing nurse" and used this amount in calculating her total imputed income. However, the sum of $50,000.00 appears to be based solely on Plaintiff's testimony at trial that she had applied for a position in the information technology department of a hospital that concentrated on nursing programs and had a starting salary of "probably 50 or 60" thousand dollars. We do not believe that this testimony sufficiently supports the trial court's determination that Plaintiff "could earn at least

$50,000.00 as a practicing nurse." While the trial court made findings concerning Plaintiff's occupational qualifications, it made no findings regarding the availability of nursing positions in the community or the typical starting salary of a nurse.

In *McKyer*, this Court remanded to the trial court for additional findings where the child support order "provide[d] ample support for the trial court's decision to impute income" to the plaintiff but lacked sufficient findings "to support the trial court's determination of *the amount of income* that should be imputed" because there were no findings regarding (1) whether the plaintiff's employer would permit him to work five days a week rather than the one day a week he had been working; (2) the availability of other full-time employment that would pay at his present hourly wage; and (3) the effect of the plaintiff's status as a part-time student. *McKyer*, 179 N.C. App. at 147-48, 632 S.E.2d at 837-38. We believe that *McKyer* is analogous to the present case, and therefore, we likewise remand for additional findings concerning the amount of income to be imputed to Plaintiff.

Because we are remanding for further findings regarding the proper amount of income to be imputed to Plaintiff, we vacate the portion of the trial court's 20 December 2012 order

determining that Defendant's ongoing child support obligation is $504.00 per month as this sum is based — in part — upon the amount of income that the trial court imputed to Plaintiff. *See Crosby v. Crosby*, 272 N.C. 235, 238-39, 158 S.E.2d 77, 80 (1967) ("[W]hen the court fails to find facts so that this Court can determine that the order is adequately supported by competent evidence . . . then the order entered thereon must be vacated and the case remanded for detailed findings of fact.").

## Conclusion

For the reasons stated above, we affirm in part, vacate in part, and remand for additional findings regarding the amount of income to be imputed to Plaintiff.

AFFIRMED IN PART; VACATED IN PART; REMANDED IN PART.

Judges HUNTER, JR. and ERVIN concur.

Report per Rule 30(e).